1
2
3
4
5                 **UNITED STATES DISTRICT COURT**

6                 **EASTERN DISTRICT OF CALIFORNIA**

7                                      )
8   UNITED STATES OF AMERICA,          )   **1:05-cv-00594  OWW SMS**
                                       )
9               Plaintiff,             )   **MEMORANDUM DECISION AND**
                                       )   **ORDER RE DEFENDANT'S MOTION**
                                       )   **TO DISMISS AND MOTION FOR**
10      v.                             )   **SUMMARY JUDGMENT**
                                       )
11  STEVE HEMPFLING, d/b/a FREE        )
    ENTERPRISE SOCIETY,                )
12                                     )
                                       )
13              Defendant.             )
                                       )
14  _____)

15

16                  I.    **INTRODUCTION**

17

18      Defendant STEVE HEMPFLING, d/b/a FREE ENTERPRISE SOCIETY

19  ("Defendant" or "HEMPFLING"), moves to dismiss Plaintiff's claim

20  under 26 U.S.C. § 6700.  Defendant also states that he moves "in

21  the alternative" for summary judgment.  Plaintiff, the UNITED

22  STATES OF AMERICA ("Plaintiff" or "Government"), opposes

23  Plaintiff's motions.

24

25                  II.   **PROCEDURAL HISTORY**

26

27      On May 2, 2005, the Government filed a complaint seeking a

28  permanent injunction against Defendant pursuant to 26 U.S.C.

                              1

§ 7402(a) and § 7408 to enjoin him from violating and interfering with the administration of the internal revenue laws, including violating 26 U.S.C. § 6700 and § 6701.  (Doc. 1, Compl.) Defendant, initially proceeding *pro se*, filed his "Motion to Dismiss or in the alternative for Summary Judgment" on June 29, 2005.  (Doc. 8, Def.'s Mem.; *see also* Doc. 7, Motion; Doc. 9, Hempfling Decl.)  Defendant has since acquired legal representation.  He is now represented by counsel in this matter. (Doc. 29, "Order Attorney William R. McPike added for Steven Hempfling", filed August 3, 2005)  Defendant moves to dismiss the Government's § 6700 claim and its claim for an injunction under 26 U.S.C. § 7402 pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant also argues that the Government should be equitably estopped from bringing this case against him.  The estoppel argument is construed as a motion for summary judgment. However, Defendant filed no Statement of Undisputed Facts, as is required by Local Rule 56-260(a) of the Local Rules for the Eastern District of California ("Local Rules").

    The Government opposes.  (Doc. 12, Pl.'s Opp., filed July 20, 2005; *see also* Docs. 13-22, attachments)  The Government also moves to continue the motion for summary judgment and for additional time to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f).  Plaintiff replied and opposes the Rule 56(f) motion for time.  (Doc. 25, filed August 1, 2005)

    Oral argument was heard on September 12, 2005.  Robert Metcalfe, Esq., appeared on behalf of the Government.  Defendant Steve Hempfling was present and William McPike, Esq., appeared on his behalf.

**2**

1

2

### III.   **BACKGROUND**

3

#### A.   **Summary of Pleadings.**

4    The facts as alleged in the complaint are taken as true for
5  the purpose of a motion to dismiss.  *TwoRivers v. Lewis*, 174 F.3d
6  987, 991 (9th Cir. 1999).

7    The Government alleges that Defendant engages in a number of
8  activities in violation of the internal revenue laws, including
9  26 U.S.C. §§ 6700 and 6701.  The Government requests an
10 injunction pursuant to 26 U.S.C. §§ 7402 and 7408(a), enjoining
11 Defendant from engaging in conduct in violation of §§ 6700 and
12 6701, including but not limited to making false statements
13 regarding tax benefits to be derived from a tax shelter and
14 assisting others in the preparation of tax forms.  (*See* Doc. 1,
15 Compl. ¶¶ 3-4)

16   The Government's claims arise out of various activities by
17 Defendant, including but not limited to conducting seminars,
18 selling commercial tax products, charging membership fees in the
19 "Free Enterprise Society" (which has optional membership fees for
20 a "civil support service" and a "legal defense fund"), and
21 posting advertisements for his commercial tax products on his
22 website (www.freeenterprisesociety.com).  (*Id.* at ¶¶ 8-11, 15)
23 Through these activities, the Government alleges that Defendant
24 "falsely purport[s] to demonstrate that: (1) there is no law
25 requiring individuals to file federal income tax returns or pay
26 income taxes; and (2) if Hempfling's customers choose to stop
27 filing tax returns, then Hempfling's 'Reliance 2000' package
28 would defeat any charge of willful failure to file a tax

**3**

return."[1]  (*Id.* at ¶ 9)

Hempfling offers a "Reliance 2000" program that the Government claims is used to facilitate, encourage, and assist Hempfling's customers to commit willful failure to file an income tax return.  (*Id.* at ¶ 12)  The "Reliance 2000" Program has four steps:  (1) buy (for $80) and read a two-volume book by William

---

[1] Specific examples of fraudulent statements made by Hempfling in his commercial tax products (including the Reliance 2000 package, the W4 package, and seminar materials) include:

a.  "There is **No Law** that Requires an Individual to file income tax returns."  (2005 seminar flyer, emphasis supplied)

b.  "The income tax has never been anything but voluntary."  (website description of Seminar 1)

c.  "Over 1500 Reasons Why It May No [sic] Be A Good Idea To File INCOME Tax Returns.  The Choice Is Yours."  (website description of Seminar 8901)

d.  "IRS Liens and Levies Are Unenforceable." (website description of Seminar 9201)

e.  "[The Reliance 2000 package] will help stop Failure to File charges, and if charged, will make a very formidable defense."  (website description of Reliance 2000)

f.  "[The procedure set out in the W4 Alternative Withholding Package] can mean more take home pay as this procedure stops the federal withholding from your paycheck."  (description of W-4 package)

g.  "The above programs are designed for income tax filers or non-filers alike.  For non-filers these programs are **essential to respond legally to the taxing agencies**."  (membership information, emphasis supplied)

(Doc. 1, Compl. ¶ 16)

**4**

1  "Bill" Benson titled *The Law That Never Was*, which falsely

2  concludes that the Sixteenth Amendment was never ratified;

3  (2) buy (for $250) The *16th Amendment Reliance Package* from

4  Hempfling, which contains the "initial research" for Benson's

5  book; (3) buy (for $50-75) and send Hempfling's Redress of

6  *Grievance Letter Package* to the President, congressmen, and

7  senators, which asks the recipients to answer questions about the

8  ratification of the Sixteenth Amendment; and (4) buy (for $150

9  and up) and file Hempfling's federal lawsuit package "asking for

10 an answer to the 16th Amendment question").  (*Id.*)

11     Furthermore, Hempfling advises his customers to purchase his

12 Reliance 2000 program, take these four steps, and stop filing tax

13 returns, in order to later be able to raise a good-faith defense

14 against tax evasion.  (*Id.* at ¶ 13)  Hempfling bases his advice

15 on the United Supreme Court's decision in *United States v. Cheek*,

16 498 U.S. 192, 203 (1991), which held that an honest, good-faith

17 belief, no matter how unreasonable, that one was not required to

18 pay taxes or to file a tax return could defeat a "willfulness"

19 finding.  The Government alleges that "in essence, Hempfling's

20 Reliance 2000 program is a ready-made--and entirely fraudulent--

21 *Cheek* defense."  (*Id.*)

22     Hempfling runs a club or organization called the "Free

23 Enterprise Society," through which he promotes his commercial tax

24 products (including Reliance 2000 as well as a "W4 Package") and

25 for which membership costs $45 per year.  Members may attend

26 seminars at no additional charge.  (*Id.*)

27     Members of the Free Enterprise Society may join the "civil

28 support service" for an additional $20 per year, not including

**5**

additional fees for letter-writing, brief-writing, and other one-on-one services.  (*Id.* at ¶ 10)  Members may also join (for $950 for the first year and $300 for each additional year) the "legal defense fund," which is described by Hempfling "as protection for those who have chosen to take the 'political stand' that they are not required to file federal income tax returns."  (*Id.* at ¶ 10)  Hempfling promises to pay for fund members' legal representation.  (*Id.* at ¶ 14)  The Government further alleges that "the legal defense fund also facilitates, encourages, and assists Hempfling's customers to evade the payment of federal income taxes."  (*Id.* at ¶ 11)

Plaintiff also has a website (www.freeenterprisesociety.com) on which he sells the same commercial tax products described above, as well as books and other materials.  The Government seeks only to enjoin Hempfling from advertising or distributing those materials that are subject to penalties under § 6700 or § 6701.  (*Id.* at ¶ 15)

## B.  **Background Re Estoppel Claim.**

Defendant's summary judgment argument is that the Government should be estopped from bringing this action against him. Defendant bases this argument on a telephone conversation he had with the attorney representing the Government in this case, Evan Davis, in July 2004.  Defendant states that Mr. Davis led him "to believe that the Government was satisfied that the defendant was neither promoting nor selling anything which would be considered an abusive tax shelter."  (Doc. 8, Def.'s Mem. 16) Defendant asserts that the statements made by Mr. Davis during

**6**

the July 2004 telephone conversation led Defendant to believe that his conduct was not illegal.  Defendant claims that Mr. Davis informed Defendant that "it did not appear to him [i.e., to Mr. Davis] that from what he had seen that [Defendant] would fall under 26 U.S.C. Section 6700 and that he was undecided as to how to proceed with [the] case."  (Doc. 9, Hempfling Decl. ¶ 16)

## IV.  **LEGAL STANDARDS**

### A.  **Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).**

Fed. R. Civ. P. 12(b)(6) allows a defendant to attack a complaint for failure to state a claim upon which relief can be granted.  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is disfavored and rarely granted:  "[a] complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).  In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party."  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

"The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*,

**7**

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).  For

example, matters of public record may be considered under Fed. R.

Civ. P. 201, including pleadings, orders and other papers filed

with the court or records of administrative bodies.  *See Lee v.*

*City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Conclusions of law, conclusory allegations, unreasonable

inferences, or unwarranted deductions of fact need not be

accepted.  *See Western Mining Council v. Watt*, 643 F.2d 618, 624

(9th Cir. 1981).


   **B.   Pleading Fraud Under Federal Rule of Civil Procedure
        9(b).**

        Rule 9(b) of the Federal Rules of Civil Procedure states

that:

>             In all averments of fraud or mistake, the
>             circumstances constituting fraud or mistake
>             shall be stated with particularity.  Malice,
>             intent, knowledge, and other condition of
>             mind of a person may be averred generally.

A complaint alleging fraud meets the Rule 9(b) standard if it

alleges the time, place, and content of the fraudulent

statements, including reasons why the statements are false.  *In*

*re GlenFed., Inc., Securities Litig.*, 42 F.3d 1541, 1547-48 (9th

Cir. 1994) (en banc), *rev'd on other grounds*, 60 F.3d 591 (9th

Cir. 1995).  Where fraud allegedly occurred over a period of

time, however, Rule 9(b)'s requirement that the circumstances of

fraud to be stated with particularity are less stringently

applied.  *See Fujisawa Pharm. Co., Ltd. v. Kapoor*, 814 F. Supp.

720, 726 (N.D. Ill. 1993); *U.S. ex rel. Semtner v. Med.*

**8**

*Consultants, Inc.*, 170 F.R.D. 490, 497 (W.D. Okla. 1997).

One of the purposes behind Rule 9(b)'s heightened pleading requirement is to put defendants on notice of the specific fraudulent conduct in order to enable them to adequately defend against such allegations. *See In re Stac Elec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996). Furthermore, Rule 9(b) serves "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id.*

## V.   ANALYSIS

### A.   Heightened Pleading Standard Under Rule 9(b).

Hempfling argues that the Government's claim for violation of § 6700 should be dismissed because the Government's allegations fail to meet the heightened pleading standard set forth in Rule 9(b) of the Federal Rule of Civil Procedure. The Government argues that the Rule 9(b) pleading standard does not apply to claims alleging violation of § 6700, and notes that there are no cases holding that Rule 9(b)'s heightened pleading standards apply to such claims. Hempfling does not dispute that there are no cases holding that Rule 9(b) applies to claims for violation of § 6700, although he argues that such pleading standards nevertheless apply to § 6700 claims. Hempfling relies on cases holding that Rule 9(b) applies to allegations of

**9**

violations of statutes that contain the words "false or fraudulent."  He argues that § 6700 contains the words "false or fraudulent," and that Rule 9(b) therefore also applies to § 6700 claims.

First, Hempfling does not dispute the Government's contention that there are no cases holding that the Rule 9(b) heightened pleading standard applies to § 6700 claims.[2]  The court has also not located any such authority.  The Government argues that Rule 9(b) does not apply because application of § 6700 is "directed primarily at false statements and not at the traditional badges of fraud."  (Doc. 12, Pl.'s Opp. 2)  The Government does not expand on this argument, nor does it define what it means by "badges of fraud."  Based on the cases the Government cites in support of its argument, it can be inferred that the Government essentially argues that the five traditional elements of fraud are not considered by the court in evaluating claims under § 6700.[3]

The five traditional elements of fraud are:

> (1)  misrepresentation of a material fact;

> (2)  knowledge of falsity (scienter);

> (3)  intent to defraud;

---

[2] Hempfling argues that the Government cites an unpublished case, *Noske v. United States*, 1992 WL 134723, 69 A.F.T.R.2d 92-810, 92-1 USTC P 50,247, because it was not published in the official reporter, the Federal Supplement.  *Noske* was, however, published in the American Federal Tax Reporter.

[3] The cases the Government cites are:  *United States v. Estate Preservation Servs.*, 202 F.3d 1093 (9th Cir. 2000); *United States v. Schiff*, 379 F.3d 621 (9th Cir. 2004); *United States v. Kaun*, 827 F.2d 1144 (7th Cir. 1987).

1          (4)   justifiable reliance; and

2          (5)   resulting damages.

3 *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996).

4     The elements of a § 6700 claim are:

5          (1)   the defendants organized or sold, or participated in the organization or sale

6               of an entity, plan, or arrangement;

7          (2)   defendants made or caused to be made false or fraudulent statements

8               concerning the tax benefits to be derived from the entity, plan, or

9               arrangement;

10         (3)   defendants know or had reason to know that the statements were false

11              (scienter);

12         (4)   the false or fraudulent statements pertained to a material matter; and

13

14         (5)   an injunction is necessary to prevent recurrence of that conduct.

15 26 U.S.C. § 6700; *United States v. Estate Preservation Servs.*,

16 202 F.3d 1093, 1098 (9th Cir. 2000).  Three elements of a § 6700

17 claim, read together, are the same as two elements of a fraud

18 claim, i.e., misrepresentation of a material fact and scienter.

19     The Ninth Circuit has recently held that certain claims that

20 are not outright fraud claims, but are instead based on

21 allegations of fraudulent conduct, must be plead with

22 particularity in accordance with Rule 9(b)'s particularity

23 requirement.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-4

24 (9th Cir. 2003); *see also In re Syncor ERISA Litig.*, 351 F. Supp.

25 2d 970 (C.D. Cal. 2004) (applying *Vess* in ERISA context); *In re*

26 *Daou Systs. Inc. Securities Litig.*, 411 F.3d 1006 (9th Cir. 2005)

27 (applying *Vess* in securities fraud litigation).  Defendant cites

28 to *Vess* and *In re Daou*, as well as to two other cases that do not

cite to *Vess* but nevertheless apply Rule 9(b)'s particularity
requirements in fraud-related contexts.[4]   *Bly-Magee v. State of
California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (decided before
*Vess*, but applying Rule 9(b)'s particularity requirements to
allegations of violations of the Federal False Claims Act);
*Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir.
2004) (where claim alleged was RICO violation, court does not
apply or cite to *Vess*, although notes that Rule 9(b) has long
been applied in RICO cases and cites supporting authority).

   In *Vess*, the Ninth Circuit distinguished between two types
of claims.  First, there are cases where a plaintiff alleges that
the defendant engaged in fraudulent conduct and where the
plaintiff relies entirely upon that course of conduct as the
basis of its claim.  *Vess*, 317, F.3d at 1103-04.  In such cases,
the complaint is considered to be "grounded in fraud," and Rule
9(b)'s particularity requirement applies to the entire complaint.
*Id*.  Second, there are cases where a plaintiff alleges a
defendant engaged in some fraudulent conduct and some non-
fraudulent conduct, and the plaintiff relies on both types of
conduct to support its claim.  *Id*. at 1104.  In such cases, Rule
9(b)'s particularity requirement does not apply to the complaint
as a whole, but instead applies to the averments of fraudulent
conduct only.  *Id*.

   The issue is whether Rule 9(b)'s particularity requirement

---

   [4] Defendant actually cites to an earlier version of *In re
Daou*, *In re Daou Systs., Inc., Securities Litig.*, 397 F.3d 704
(9th Cir. 2005), which was amended and superceded by 397 F.3d
704, the version of the case that is cited here.

applies to § 6700 claims.  Under *Vess*, it appears that it does,
at least as to the allegations relating to allegedly fraudulent
conduct.  The parties cited no cases, and the court found none,
that applied Rule 9(b) to § 6700.  Likewise, there are also no
cases holding that Rule 9(b) does not apply to § 6700.  Whether
or not Rule 9(b) applies, Defendant is entitled to know the time
frame of allegedly fraudulent conduct, as discussed below.

Here, the Government bases its § 6700 claim on allegedly
false and fraudulent statements by Plaintiff at seminars, on his
website, and in his commercial tax products.  While the
Government maintains that Rule 9(b)'s particularity requirement
does not apply to § 6700, it argues in the alternative that its
complaint is sufficient under Rule 9(b).  Allegations of fraud
must include the time, place, and nature of the fraudulent
statements, including reasons why the statements are false.
*In re GlenFed.*, 42 F.3d at 1547-48.  The claims must include the
"the who, what, when, where, and how" of the allegedly fraudulent
conduct so that the Defendant may adequately defend against the
allegations.  *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*,
137 F.3d 616, 627 (9th Cir. 1997)).  Defendant does not dispute
that the Government's complaint adequately pleads the "who and
what."  The Government's complaint sufficiently alleges that it
was Plaintiff who made the allegedly false statements to
individuals who participated in his seminars, visited his website
(www.freeenterprisesociety.com), and purchased his commercial tax
products.  (*See* Doc. 1, Compl. ¶¶ 9, 12, 15)  In addition,
Defendant's complaint contains sufficient allegations of examples

1   of the content of the allegedly false statements.[5]

2       Defendant argues that the Government fails to allege the
3   "when, where, and how."  Taking the last question first, the
4   Government's complaint sufficiently alleges the reasons why
5   Defendant's allegedly false statements are false.  Defendant's
6   statements, including those to the effect that there is no

7   _____

8       [5] The Complaint lists the following examples of allegedly
9   false statements made in Defendant's commercial tax products:

10      a.   "There is No Law that Requires an Individual to
             file income tax returns."
11
12      b.   "The income tax has never been anything but
             voluntary."
13
        c.   "Over 1500 Reasons Why It May No [sic] Be A Good
14           Idea To File INCOME Tax Returns.  The Choice Is
             Yours."
15
16      d.   "IRS Liens and Levies Are Unenforceable."

17      e.   "[The Reliance 2000 package] will help stop
             Failure to File charges, and if charged, will make
18           a very formidable defense."  If the Reliance 2000
             steps are followed, an individual can collect
19           sufficient evidence to prove a good-faith defense
             based on the Supreme Court's decision in *United
20           States v. Cheek*, 498 U.S. 192 (1991).

21      f.   "[The procedure set out in the W4 Alternative
             Withholding Package] can mean more take home pay
22           as this procedure stops the federal withholding
             from your paycheck."
23
24      g.   "The above programs are designed for income tax
             filers or non-filers alike.  For non-filers these
25           programs are essential to respond legally to the
             taxing agencies."
26
27      h.   The Sixteenth Amendment was never ratified.

28  (Doc. 1, Compl. ¶¶ 14, 16, 12)

**14**

requirement to pay income tax, IRS liens are unenforceable, and that a sufficient "good-faith" defense can be established if Defendant's advice is followed, and the Sixteenth Amendment was never ratified are false and misleading. *See, e.g., Schiff*, 269 F. Supp. 2d at 1268-69.

Defendant is correct, however, that Plaintiff's complaint fails to allege where or when the seminars took place and the commercial tax products were sold. While Rule 9(b)'s particularity requirement is not as stringently applied where fraud is alleged to have occurred over a longer period of time, Plaintiff's complaint lacks even a range of dates during which Plaintiff held his seminars, posted information on his website, and sold his products. Allegations of the location of the seminars would also serve Rule 9(b)'s purpose to protect Defendant against the potential "pretext for the discovery of unknown wrongs." *In re Stac Elec.*, 89 F.3d at 1405.

Defendant's motion to dismiss the Government's § 6700 claim for failure to comply with Rule 9(b) is **GRANTED**. The Government is granted **LEAVE TO AMEND** to add allegations relating to when and where the alleged violations occurred.

**B.    Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Claim Under 26 U.S.C. § 6700.**

The elements of a § 6700 claim are:

    (1)   the defendants organized or sold, or participated in the organization or sale of an entity, plan, or arrangement;

    (2)   defendants made or caused to be made false or fraudulent statements concerning the tax benefits to be

derived from the entity, plan, or
arrangement;

(3)   defendants know or had reason to know
that the statements were false
(scienter);

(4)   the false or fraudulent statements
pertained to a material matter; and

(5)   an injunction is necessary to prevent
recurrence of that conduct.

26 U.S.C. § 6700; *Estate Preservation Services.*, 202 F.3d at
1098.  Defendant argues the Government fails to state a claim
under § 6700 for the following reasons:  (1) fails to plead a
"tax benefit" as contemplated by the statute; (2) fails to plead
Defendant's organization is registered as a "tax shelter" as
purportedly required by 26 U.S.C. § 6111 and § 6112; (3) fails to
allege that Defendant's members "hold an interest" in his
organization, as is purportedly required by the statute; (4)
fails to plead a "plan or arrangement"; and (5) § 6700 is
unconstitutionally void.

### 1.   26 U.S.C. § 6700(a)(2)(A):  "Any Other Tax Benefit."

One of the five elements of a § 6700 claim is that the false
or fraudulent statement that is the subject of the claim be
material.  To be material, the false statement must have a
substantial impact on the decision-making process or produce a
substantial tax benefit to a taxpayer.  *Schiff*, 269 F. Supp. 2d
at 1271 (citing *United States v. Estate Preservation Services*, 38
F. Supp. 2d 846, 855 (E.D. Cal. 1998) (citing *United States v.
Buttorff*, 761 F.2d 1056, 1062 (5th Cir. 1985))).  "Tax benefits"

16

1  include: (1) the allowability of any deduction or credit; (2) the

2  excludability of any income; or (3) any other tax benefit.  26

3  U.S.C. § 6700(a)(2)(A).

4      Defendant argues that the complaint is devoid of any

5  allegation of a "tax beneift."  Defendant argues that the

6  complaint does not contain allegations that he made false

7  statements regarding (1) the allowability of any deduction or

8  credit or (2) the excludability of any income.  Defendant argues

9  that the Government's allegations of misrepresentations regarding

10  non-filing and escaping prosecution are not the types of "tax

11  benefits" contemplated by the statute because the only "tax

12  benefis" contemplated by the phrase "other tax benefits" are

13  "'deductions, credits, income exclusions,' and the like."  The

14  Government argues that non-filing and escaping prosecution **are**

15  tax benefits and that they fall under the catch-all provision

16  "other tax benefits."  (Doc. 12, Pls.' Mem. 5)

17      Defendant argues that the rules of statutory interpretation

18  require that the phrase "other tax benefit" be interpreted to

19  mean tax benefits similar to deductions, credits, and income

20  exclusions because these phrases appear as part of the same

21  sentence as "other tax benefit."  As the Government correctly

22  notes, Defendant's narrow construction of § 6700 is not

23  consistent with how courts have interpreted the phrase "other tax

24  benefit."  *See United States v. Raymond*, 228 F.3d 804, 812-13

25  (7th Cir. 2000) (statements that paying taxes was voluntary);

26  *Schiff*, 269 F. Supp. 2d at 1270-71 (statements relating to

27  protecting against prosecution for fraudulently avoiding income

28  tax liability); *Kaun*, 827 F.2d at 1149 (statements relating to

1  stop filing tax returns).

2      Defendant's argument that the Government fails to state a

3  claim under § 6700 for failure to allege a "tax benefit" is not

4  persuasive.  Defendant's Motion to Dismiss the Government's

5  § 6700 claim on this ground is **DENIED**.

6

7          **2.   26 U.S.C. §§ 6111, 6112:  Registration of a "Tax
            Shelter" and Its Investors.**

8

9      Defendant argues that the Government's § 6700 claim should

10 be dismissed because the Government fails to allege Defendant's

11 tax shelter was registered with the Government, as required by 26

12 U.S.C. § 6111.  Defendant also argues that the Government fails

13 to allege that Defendant, as the organizer of a "potentially

14 abusive tax shelter," failed to maintain a list of investors, as

15 required by 26 U.S.C. § 6112.[6]  The Government correctly notes

16 that the requirements of § 6111 have no connection with the

17 elements to be proved under § 6700.  (Doc. 12, Pls.' Mem. 5

18 n. 16)  The requirements of § 6112 (and any related provisions of

19 the Code of Federal Regulations) also have no bearing on stating

20 a claim under §6700.  Defendant has offered no persuasive

21 authority establishing a link, and there is nothing in the

22 language of the statutes that suggests such a link.  Defendant's

23 Motion to Dismiss the Government's § 6700 claim on this ground is

24 **DENIED.**

25

26

27

28      [6] Sections 6111 and 6112 were amended in October 2004 by
   Pub. L. 108-357, § 815(a) and § 815(b)(2).

**3.  26 U.S.C. § 6700(a)(2)(A):  "Hold an Interest in the Entity" or "Participate in the Plan or Arrangement."**

Defendant argues that the Government fails to state a § 6700 claim because it fails to allege that Defendant promised tax benefits to its customers who *invested* in his organization. Defendant argues the complaint contains no allegation that members of the "Free Enterprise Society" are investors or that they hold some "interest" in it.  (Doc. 8, Def.'s Mem. 7)

Section 6700 provides for the liability of persons who make statements regarding a tax benefit that can be falsely or fraudulently obtained "by reason of holding an interest in the entity or participating in the plan or arrangement."  26 U.S.C. § 6700(a)(2)(A).  The Government does not dispute that members of Defendant's organization  do not "hold an interest" in it. However, the Government also correctly argues that it is not essential for a § 6700 claim that the customers or members "hold an interest" in the plan.  (Doc. 12, Pls.' Mem. 7)  The statute provides that, to violate the statute, an individual need only to represent that mere "participation" in the organization or plan will confer some (fraudulent) tax benefit.  The Government has alleged that Defendant has made statements to the effect that his customers would receive a tax benefit if they "participat[e] directly in the...plan or arrangement."  26 U.S.C. § 6700(a)(2)(A).  Defendant's Motion to Dismiss the Government's § 6700 claim on this ground is **DENIED**.

//

//

//

1    **4.   26 U.S.C. § 6700(a)(1)(A)(iii):   "Any Other Plan**
2        **or Arrangement."**

3       Defendant's argument under the heading "No Other Plan or

4   Arrangement" on page 8 of his brief relates primarily to his "tax

5   benefit" argument.  Liberally construed, however, Defendant's

6   argument can be interpreted as an argument that the Government

7   has failed to allege that Defendant organized a "plan or

8   arrangement."  However, as Defendant himself quotes in his brief,

9   Paragraph 21 of the Complaint states that "[t]he Reliance 2000

10  package, W4 package, prior-seminar packages, civil support

11  service, and legal defense fund are plans or arrangements

12  organized and sold by Hempfling...."

13      Defendant does not argue that the Reliance 2000 Package, W4

14  package and seminars do not substantively fall under the category

15  of "plan or arrangement."  Without deciding this issue, the court

16  nevertheless notes that plans or arrangements similar to those

17  that the Government alleges are organized and sold by Plaintiff

18  have been held to be "abusive tax shelters" within the definition

19  of § 6700.  *Schiff*, 269 F. Supp. 2d at 1266-67; *Kaun*, 827 F.2d at

20  1149; *United States v. White*, 769 F.2d 511, 515 (8th Cir. 1985);

21  *United States v. Cohen*, 222 F.R.D. 652, 655 (W.D. Wash. 2004);

22  *United States v. Cohen*, 2005 WL 1491978 at *2, 95 A.F.T.R.2d

23  2005-2716 (W.D. Wash. May 13, 2005).

24      Defendant's Motion to Dismiss the Government's § 6700 claim

25  on this ground is **DENIED**.

26

27      **5.   Whether § 6700 Is Unconstitutionally Vague.**

28      The "void-for-vagueness" doctrine holds that a statute is

**20**

unconstitutionally vague if it fails to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) ("It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined."). The standard to be employed in determining vagueness depends on the statute at issue.

Challenges to tax or civil laws that do not implicate First Amendment rights are usually considered under a "specific" test, i.e., whether the statute is vague as applied to the facts at hand. *United States v. MacKenzie*, 777 F.2d 811, 816 (2d Cir. 1985); *United States v. Mazurie*, 419 U.S. 544, 550 (1975); *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n. 7 (1982); *see also Hersch v. United States*, 685 F. Supp. 325, 327 (E.D.N.Y. 1988). The question under the "specific test" is whether the statute reasonably gives notice to the individual being charged with a violation that his conduct likely constituted a violation. If an individual's conduct is clearly a violation of a statute, the individual cannot succeed with a vagueness challenge, regardless of whether the language of the statute may be far-reaching. *Parker v. Levy*, 417 U.S. 733, 756 (1974). If a statute is vague under the specific test, it is not necessarily void altogether. It is only unconstitutional as applied to the particular situation at issue.

Challenges to criminal laws, as well as to some civil laws, are also analyzed under the facial validity test. If a statute is facially vague, then it is void under all circumstances as

21

1   opposed to in one particular situation.  The facial validity test
2   has two separate but related inquiries, overbreadth and
3   vagueness.  The first question is whether the statute is
4   overbroad, i.e., whether, on its face, it "reaches a substantial
5   amount of constitutionally protected conduct." *Hoffman Estates*,
6   455 U.S. at 494-95.  If the answer is yes, then the statute is
7   overbroad and therefore void.  If the answer is no, the statute
8   may still be challenged on facial vagueness grounds.

9       In challenges to the "facial validity of an ordinance on
10  vagueness grounds outside the domain of the First Amendment," the
11  challenger "must demonstrate that 'the enactment is impermissibly
12  vague in all of its applications.'" *Hotel and Motel Ass'n of
13  Oakland v. City of Oakland*, 344 F.3d 959, 972 (9th Cir. 2003)
14  (quoting *Hoffman Estates*, 455 U.S. at 494-95)).  In other words,
15  where the statute at issue does not implicate First Amendment
16  rights, the party challenging the statute must demonstrate that
17  "no set of circumstances exists under which the [statute] would
18  be valid." *Id*. (quoting *United States v. Salerno*, 481 U.S. 739,
19  745 (1987)).  In cases where the First Amendment is implicated,
20  however, the challenger need not necessarily demonstrate that the
21  statute is vague in all applications. *California Teachers Ass'n
22  v. State Bd. of Educ.*, 271 F.3d 1141, 1149 n. 7 (9th Cir. 2001).

23      Although some cases hold that challenges to tax or civil
24  statutes are analyzed only under the specific test, the facial
25  vagueness test has been applied to civil statutes outside the
26  domain of the First Amendment. *See e.g., Hotel and Motel*, 344
27  F.3d 959.  Defendant here does not succeed regardless of which
28  test applies.  Defendant offers no persuasive argument or

**22**

1  authority for vagueness as applied to him specifically or to the

2  statute on its face.

3       Here, Defendant argues the phrases "tax benefit" and "plan

4  or arrangement" are unconstitutionally vague.  Under the specific

5  test, Defendant must demonstrate that § 6700 is vague and

6  ambiguous as applied to him.  *MacKenzie,* 77 F.2d at 816.

7  Defendant offers no persuasive argument that the terms "tax

8  benefit" and "plan or arrangement" are vague as applied to him.

9  Defendant's conduct, as alleged by the Government, falls squarely

10 within the terms of the statute.  The "tax benefits" Defendant

11 offers through sale of his commercial tax products are not paying

12 income taxes and escaping monetary tax liability.  The language

13 of the statute and the application of the statute by the courts

14 are sufficiently clear to have put Defendant on notice that non-

15 payment of taxes owed are the benefits contemplated by the

16 statute.  *See Raymond*, 228 F.3d at 812-13 (statements that paying

17 taxes was voluntary); *Schiff*, 269 F. Supp. 2d at 1270-71

18 (statements relating to protecting against prosecution for

19 fraudulently avoiding income tax liability); *Kaun*, 827 F.2d at

20 1149 (statements relating to stop filing tax returns).

21      Also, the language of the statute and the statute's

22 application are sufficiently clear to have put Defendant on

23 notice that his sale of commercial tax products such as the

24 Reliance 2000 package, the W4 package, and the seminars, are the

25 types of "plans or arrangements" contemplated by the statute.

26 For example, in *Kaun*, the Seventh Circuit held that the

27 defendant's seminars, pamphlets, and information kits promoting

28 tax evasion constituted a violation of § 6700.  827 F.2d at 1148

**23**

("The words 'any other plan or arrangement' are clearly broad
enough to include a tax protester group."); *see also Schiff*, 379
F.3d at 627 (describing books, seminars, and other materials
promoted by defendant in § 6700 case).  Here, Defendant's
seminars, pamphlets, and commercial tax packages are not
significantly distinguishable from those in *Kaun* and *Schiff*.

Second, Defendant fails to meet his burden under the facial
vagueness test.  To succeed under the facial vagueness test,
Defendant must show that the statute is vague in all of its
applications, unless he can show that the statute implicates
First Amendment freedoms.  *Hotel and Motel*, 344 F.3d at 972;
*Hoffman Estates*, 455 U.S. at 494-95.  Defendant offers no
persuasive argument or authority as to either prong.

Defendant first argues that § 6700 implicates First
Amendment rights and that § 6700 should be analyzed under
heightened scrutiny.  Defendant's argument is not persuasive.
Section 6700 does not implicate the First Amendment.  Section
6700 prohibits, among other things, the sale or offer for sale of
false or fraudulent tax advice or other representations about the
tax laws.  The sale or advertisement of tax advice or other
representations regarding the tax laws is commercial speech.
*Schiff*, 379 F.3d at 629-30 (holding that district court did not
abuse discretion in enjoining publication of defendant's book to
the extent that the book constituted advertising by claiming that
readers could lawfully avoid paying income taxes with the help of
defendant's commercial tax products); *Hersch*, 685 F. Supp. at 329
("Plaintiff's representations were...made in connection with his
efforts to promote a scheme of tax shelters and thus constitute

**24**

commercial speech.") (citing cases); *United States v. Bell*, 414
F.3d 474, 481 (3d Cir. 2005) (holding that defendant's offers for
sale of commercial tax products, including information packets
and seminars on tape, constituted commercial speech); *see also
Estate Preservation Services*, 202 F.3d at 1106 (upholding Section
7408 injunction against First Amendment challenge on the grounds
that the injunction "proscribes only fraudulent conduct").
Commercial speech receives some protection under the First
Amendment, but false or fraudulent commercial speech does not.
*See Schiff*, 379 F.3d at 626, 630; *Central Hudson*, 447 U.S. at
562-63; *Bell*, 238 F. Supp. 2d at 703-4 (citing cases).  Because
§ 6700 prohibits false or fraudulent commercial speech, it does
not implicate the First Amendment.

The test that therefore applies requires Defendant to
demonstrate that § 6700 is vague in all possible applications.
*Hotel and Motel*, 344 F.3d at 972; *Hoffman Estates*, 455 U.S. at
494-95.  Defendant has not met this burden.  Many cases have
found violations of § 6700 without any difficulty in applying
"tax benefit" or "plan or arrangement" to tax evasion schemes.
*Schiff*, 269 F. Supp. 2d at 1266-67; *Kaun*, 827 F.2d at 1149;
*United States v. White*, 769 F.2d 511, 515 (8th Cir. 1985);
*United States v. Cohen*, 222 F.R.D. 652, 655 (W.D. Wash. 2004);
*United States v. Cohen*, 2005 WL 1491978 at *2, 95 A.F.T.R.2d
2005-2716 (W.D. Wash. May 13, 2005).

Defendant's Motion to Dismiss the Government's § 6700 claim
on void-for-vagueness grounds is **DENIED**.
//
//

25

**C.  Defendant's Rule 12(b)(6) Motion to Dismiss the
    Government's Claim for an Injunction under § 7402.**

Defendant argues that § 7402 alone cannot be the basis for
an injunction.  Defendant also argues that the Government's
complaint mischaracterizes § 7402 in claiming that it can bar
Defendant's interference with enforcement of the internal revenue
laws, even when no particular law has been violated.  Defendant's
arguments are misplaced.  The language of § 7402 alone is clear:
"The district courts...shall have such jurisdiction to make and
issue in civil actions...orders of injunction...and to render
such judgments and decrees as may be necessary or appropriate for
the enforcement of the internal revenue laws."  26 U.S.C. § 7402.

Also, as the Government points out, § 7402 has long been
employed by federal district courts to enjoin tax evasion
activities similar to those Defendant is alleged to have
committed. *United States v. Ernst & Whitney*, 735 F.2d 1296,
1300, 1306 (11th Cir. 1984) (holding that there is no requirement
to make a showing that a party has violated a particular section
of the Internal Revenue Code for district court to have authority
under § 7402 to issue injunction); *United States v. Bell*, 238 F.
Supp. 2d 696, 699-700, 705 (M.D. Penn. 2003), *aff'd*, 414 F.3d 474
(3d Cir. 2005) (issuing injunction under § 7402 where defendant
sold information packets and seminar tapes with false tax
advice); *United States v. Cohen*, 222 F.R.D. 652, (W.D. Wash.
2004) (issuing injunction under both § 7408 and § 7402 against
defendant asserting that the federal income tax is a "hoax" and
that individuals are not required to file federal income taxes);
*United States v. Rivera*, 2003 WL 22429482, 92 A.F.T.R.2d 2003-

26

6844 (C.D. Cal. July 18, 2003) (issued injunction under both § 7408 and § 7402 against defendant who offered for sale tax advice that private employers are not required to withhold federal taxes from their employees wages and that individuals are not required to file federal income taxes).

Defendant's argument that the district court lacks authority to issue an injunction under § 7402 is without merit.  This court has such authority based on the express terms of the statute and on the application of § 7402 by other courts in similar situations.  Defendant's Motion to Dismiss the Government's claim for an injunction under § 7402 is **DENIED.**

### C.   **Defendant's "Motion for Summary Judgment."**

In the alternative to his Motion to Dismiss, Defendant brings a "Motion for Summary Judgment."  Defendant argues that the Government should be estoped from bringing this action against Defendant based on Defendant's contention that the Government's attorney led him to believe he was not violating th law in a July 2004 telephone conversation.  In addition, the Government construes two conclusory statements in Defendant's declaration a summary judgment motion on the issue of whether Defendant violated § 6700 and § 6701.[7]  Defendant's estoppel

---

[7] The Government construes conclusory statements in Defendant's declaration as a Motion for Summary Judgment on the § 6700 and § 6701 claims:

> 28.   I have never knowingly or intentionally made a false or fraudulent statements [sic] as to any material matter with respect to the allowability of any deduction or credit, the excludability of

argument can be decided as a matter of law.  However, the arguments regarding violations of § 6700 and § 6701 will not be considered.  Defendant has filed no Statement of Undisputed Facts, as is required by LR 56-260(a).  Little if any discovery has been conducted in this case.  Finally, these issues were not presented in a properly noticed summary judgment motion and will therefore not be construed as such.

Equitable estoppel may be asserted against the Government, but in order to do so, a party must first show that (1) the Government engaged in "affirmative misconduct going beyond mere negligence;" (2) that the Government's misconduct will cause serious injustice; and (3) that the estoppel will not harm the public interest.  *Watkins v. United States Army*, 875 F.2d 699, 706-7 (9th Cir. 1988); *Pauly v. United States Dep't of Agric.*, 348 F.3d 1143, 1149 (9th Cir. 2003) (quoting *S & M Inv. Co. v. Tahoe Reg'l Planning Agency*, 911 F.2d 324, 329 (9th Cir. 1990)).

---

> any income, or the securing of any other tax benefit by reason of holding an interest in any entity or participating in any plan or arrangement which I knew or had reason to know was false or fraudulent as to any material matter as contemplated within 26 U.S.C. Section 6700, nor have I ever sold or participated in any type of tax shelter, abusive or otherwise as contemplated under 26 U.S.C. Sections 6700 or 6701.

> 29.  I have never knowingly or otherwise, aided, assisted in, procured, or advised with respect to the preparation or presentation of any portion of a return, affidavit, claim or other document as contemplated under 16 U.S.C. Section 6700 and 6701.

(Doc. 9, Hempfling Decl. ¶¶ 28, 29)  These conclusory denials do no more than dispute the Government's claims.

28

Once a party establishes that estoppel may be asserted against the Government, the party must then establish the four elements necessary to prove equitable estoppel:  "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely upon the conduct to his injury."  *Watkins*, 875 F.2d at 709 (9th Cir. 1988) (quoting *United States v. Wharton*, 514 F.2d 406, 412 (9th Cir. 1975)).

Defendant argues the Government should be estopped from bringing this case against him because Mr. Davis represented to Defendant in a July 2004 telephone conversation that Defendant's actions were not illegal.  In his declaration, Defendant states that what Mr. Davis actually told him was that "from what [Mr. Davis] had seen," Defendant's actions would not fall under 26 U.S.C. § 6700 and that Mr. Davis was "undecided" as to how to proceed with Defendant's case.  (Doc. 9, Hempfling Decl. ¶¶ 5, 16; *see also* ¶ 12 ("Mr. Davis explained to me that there were several elements which he needed to look for prior to bringing an action under 26 U.S.C. Section 6700."))  The Government disputes Defendant's representations regarding what was said during the July 2004, but argues that even if Defendant's characterization of the facts was correct, Defendant cannot succeed on his estoppel claim.

Defendant must first establish the foundation for an estoppel claim against the Government in the first place.  First, Defendant argues that Mr. Davis engaged in affirmative misconduct

1  by representing to him that "the government was satisfied that
2  the defendant was neither promoting nor selling anything which
3  would be considered an abusive tax shelter."  However,
4  Defendant's statements in his own declaration defeat this
5  argument.  To show affirmative misconduct, a party must show
6  misrepresentation or concealment of a material fact, although it
7  is not necessary to show intent to deceive.  *Watkins*, 875 F.2d at
8  707.  Defendant admits that Mr. Davis told him that the
9  Government was undecided as to whether to bring a § 6700 action
10  against him.  (Doc. 9, Hempfling Decl. ¶¶ 5, 12, 16)  Defendant
11  has not asserted that, at the time he made this statement,
12  Mr. Davis was misrepresenting any fact.  As the Government points
13  out, it had nothing to gain by delaying instituting an injunction
14  suit against a tax protester.  (Doc. 12, Pl.'s Opp. 13)
15  Defendant has not established the "affirmative misrepresentation"
16  element, even if his version of the facts were accepted and not
17  disputed.

18      Second, Defendant cannot establish that a substantial
19  injustice will occur if the Government is not estopped from
20  bringing this action against him.  Defendant admits that
21  Mr. Davis told him the Government had not yet decided to bring a
22  suit against him.  Defendant did not change his position to his
23  detriment based on Mr. Davis' purported statement and is in no
24  worse position than if he had not spoken to Mr. Davis.

25      Third, Defendant cannot establish that there is no undue
26  harm to the public interest if this case were not allowed to
27  proceed.  As the Government notes, "[t]he present injunction
28  action is directed at halting Hempfling's false and fraudulent

30

actions, which harm the public and his customers in particular."
(Doc. 12, Pl.'s Opp. 13)  Defendant has failed to establish the
elements necessary to bring an estoppel claim against the
Government.

Even if Defendant could bring an estoppel claim against the
Government, Defendant's estoppel claim cannot succeed because he
fails to establish the four required elements for estoppel.
These four elements are: (1) that Mr. Davis knew that the
Government intended to later prosecute Mr. Davis under § 6700;
(2) that Mr. Davis intended that his phone call would induce
Defendant to continue to act to violate the law; (3) that
Defendant was ignorant of the Government's alleged intent to
later prosecute him; and (4) that Defendant relied on Mr. Davis'
representations to his detriment.  Defendant's estoppel claim is
based on the premise that Mr. Davis falsely represented to
Defendant that Defendant's actions did not constitute a violation
of § 6700.  However, Defendant admits in his own declaration that
this is not what Mr. Davis told him.  Defendant has offered no
evidence that Mr. Davis called him in July 2004 with the intent
to induce him to continue to violate the internal revenue laws.
Defendant wanted to continue his tax advice business.  He does
not allege he had any intent of discontinuing his business under
any circumstances.

Even if Defendant's motion for summary judgment were
properly before the court, Defendant has, through his own
statements, failed to establish the absence of a genuine issue of
material fact.  Defendant's Motion for Summary Judgment on
equitable estoppel grounds is **DENIED.**

1

## VI.   <u>CONCLUSION</u>

2

3        For all the foregoing reasons, Defendant's

4        motion to dismiss Plaintiff's complaint is

5        **DENIED** on all grounds, except under Rule

6        9(b).  Plaintiff shall have twenty (20) days

7        to amend.  Defendant shall have twenty (20)

8        days to file a response.

9

10       To the extent Defendant moves for summary

11       judgment on estoppel and any other grounds,

12       its motion is **DENIED.**

13

14       The Government's Rule 56(f) motion for

15       additional time to conduct discovery is **MOOT.**

16

17  SO ORDERED.

18  DATED: September _23__, 2005.

19

20                              **/s/ OLIVER W. WANGER**

21                              _____

22                                   **Oliver W. Wanger**
                                **UNITED STATES DISTRICT JUDGE**
23

24

25

26

27

28

32