IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV F 05-594 LJO SMS |
| Plaintiff, | **ORDER GRANTING in part and DENYING in part Plaintiff's Motion to Strike Affirmative Defenses; Order GRANTING Defendant Leave to Amend with instructions; Order Vacating May 8, 2007 Hearing** |
| vs. | |
| STEVEN HEMPFLING., | |
| Defendant. | |
| -----------------------------------------------/ | |

**I. Introduction**

Plaintiff United States of America ("the Government") seeks to strike 23 affirmative defenses presented by Defendant Steve Hempfling ("Hempfling") in this action for an injunction under 26 U.S.C. §6700, §7408, and §7402(a). The Government contends that the affirmative defenses should be stricken because they: (1) are insufficient on their face or redundant; and/or (2) have already been decided by prior orders of this Court. In the alternative, the Government requests the Court require Hempfling to provide a more detailed explanation of certain affirmative defenses, pursuant to Fed. R. Civ. P. 12(e). For the following reasons, the Government's Motion to Strike Affirmative Defenses is GRANTED in part and DENIED in part. Further, Hempfling is GRANTED leave to amend his answer, with INSTRUCTIONS.

## II. B<small>ACKGROUND</small>

On May 2, 2005, the Government filed its complaint for a permanent injunction and other relief against Hempfling. The complaint alleged, among other things, that Hempfling, using the name "Free Enterprise Society," conducted tax-related seminars where he promoted commercial tax products, such as previously-recorded seminars, the W4 package and the "Reliance 2000" package, that falsely purported to demonstrate that there is no law requiring individuals to file federal income tax returns or pay income taxes.

**Hempfling's First Motion to Dismiss**

Hempfling moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) on June 29, 2005. In the alternative, Hempfling moved for summary judgment in his favor under Fed. R. Civ. P. 56(c). Doc. 8. In this motion, Hempfling argued that: (1) the allegations of fraudulent conduct did not meet the standards of Fed. R. Civ. P. 9(b); (2) the complaint did not allege that his customers were promised a tax benefit from participating in his plans or arrangements; (3) 26 U.S.C. § 6700 is vague, ambiguous, and overbroad; (4) the United States is estopped from pursuing this civil action because of statements made to him by former trial attorney Evan Davis; and (5) the complaint fails to state a claim for injunctive relief under 26 U.S.C. §7402. Def. Mot. to Dismiss or for Sum Judgment, Docs. 7, 8. On September 23, 2005, this Court denied Hempfling's motions to dismiss and for summary judgment. Mem. Decision and Order, Doc. 37 ("First Order"). In that Order, this Court directed the Government to file an amended complaint that met the standards for pleading fraud under Fed. R. Civ. P. 9(b). *Id.* The Government filed its amended complaint in this action on October 13, 2005.

**Hempfling's Second Motion to Dismiss**

On November 15, 2005, Hempfling filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The grounds asserted for those motions were: (1) the amended complaint did not plead fraud with specificity required by Fed. R. Civ. P. 9(b); (2) the Government's claims are nonjusticiable because the United States would be required to prove that the 16th Amendment was ratified, and the federal courts are prohibited from addressing that issued under the political question doctrine; (3) the U.S. Congress is an indispensable party to this civil action; and (4) the First Amendment protects the fraudulent conduct attributed to Hempfling in the amended complaint. Mot.

to Dismiss, Doc. 43. This Court denied Hempfling's motion to dismiss on February 22, 2006. Mem. Dec. And Order, Doc. 56 ("Second Order").[1]

**Hempfling's Appeal**

Hempfling filed a notice of interlocutory appeal on March 31, 2006. That appeal was denied on August 9, 2006. Order and Judgment, Docs. 71 and 72.

**Hempfling's Answer and Affirmative Defenses**

On March 19, 2007, Hempfling answered the complaint and asserted 23 affirmative defenses. These defenses are characterized below:

First Affirmative Defense: The complaint fails to state facts sufficient to constitute a cause of action.

Second Affirmative Defense: This action has not been authorized by law, at the direction of the Attorney General of the United States and with the authorization of the Chief Counsel of the Internal Revenue Service.

Third Affirmative Defense: The Chief Counsel of the Internal Revenue Service has not been properly delegated authority by the Secretary of the Treasury of the United States to bring this action against the Defendant and therefore, this court is without jurisdiction.

Fourth Affirmative Defense: If the Secretary of the Treasury has delegated authority, that delegation was not published in the Federal Register pursuant to 44 U.S.C. §1501 et seq. and/or 5 U.S.C. §552 et seq.

Fifth Affirmative Defense: The doctrine of laches prevents this action.

Sixth Affirmative Defense: The Government is estopped (equitably, or by estoppel in pais) from pursuing this action.

Seventh Affirmative Defense: 26 U.S.C. §§ 6700 and 6701 are unconstitutional on their face.

Eighth Affirmative Defense: U.S.C.§§ 6700 and 6701 are unconstitutional as applied in the instant case against Hempfling and violates the First Amendment.

Ninth Affirmative Defense: 26 U.S.C.§ 6700 is vague and ambiguous as applied in this case.

Tenth Affirmative Defense: 26 U.S.C. §6700 is vague and ambiguous on its face.

Eleventh Affirmative Defense: The Sixteenth Amendment to the U.S. Constitution has not been ratified

---

[1] This opinion is reported at *United States v. Hempfling*, 431 F. Supp.2d 1069 (E.D. Cal. 2006).

3

1 as a matter of fact; and, notwithstanding this Court's insistence that said reputed ratification is
2 conclusive upon the court, said ratification is factually inaccurate and not conclusive upon the people,
3 the legislature or the executive branch of government and is therefore a political question which bars this
4 court from entertaining this action.
5 Twelfth Affirmative Defense : The "political question doctrine" deprives this court of jurisdiction to
6 entertain this action.
7 Thirteenth Affirmative Defense : 23 U.S.C. §6700 is vague and ambiguous and therefore subjectively
8 and arbitrarily enforced denying answering Defendant due process and equal protection.
9 Fourteenth Affirmative Defense : Hempfling's reasonable reliance on Evan Davis' representations that
10 Hempfling is not in violation of 26 U.S.C. §6700 precludes prosecution of this action.
11 Fifteenth Affirmative Defense: The activity the Government alleges Hempfling engaged in is
12 constitutionally protected and privileged under the First Amendment.
13 Sixteenth Affirmative Defense:  There are insufficient facts to support irreparable harm suffered by the
14 government to trump Hempfling's First Amendment constitutionally protected rights.
15 Seventeenth Affirmative Defense: The allegations contained in the First Amended Complaint concerning
16 hypothetical issues and questions are speculative and not subject to judicial determination.
17 Eighteenth Affirmative Defense: The Government's misapplication of 26 U.S.C.§§ 6700 and 6701 is
18 an abuse of process, prosecutorial misconduct, and a ploy to deny and infringe upon Hempfling's rights
19 protected under the First Amendment.
20 Nineteeth Affirmative Defense: Hempfling's reasonable reliance upon the research performed by
21 William Benson, found in the book, *The Law that Never Was*, precludes prosecution of this case, as such
22 reliance and all other activities engaged therein are protected by the First Amendment.
23 Twentieth Affirmative Defense: The government has no evidence, and has alleged none, that any person,
24 individual, or citizen relied upon the allged representations allegedly made by Hempfling and as a result
25 stopped filing tax returns or made false statements to the Government to obtain any tax benefit.
26 Twenty-First Affirmative Defense: The first amended complaint is barred under the First Amendment,
27 as the listeners of said information as alleged have the right to hear said information as allegedly
28 imparted by Hempfling.

<u>Twenty-Second Affirmative Defense</u>: Hempfling is put in the untenable situation of defending a civil lawsuit brought by the government the results thereof which would force Hempfling to either offer testimony against himself, or in the alternative, withhold such information based on his constitutionally protected rights under the First, Fourth, Fifth, and Ninth Amendments to the U.S. Constitution, which could then be used as inferences to decide the case in favor of the Government, effectively depriving Hempfling of due process and equal protection.

<u>Twenty-Third Affirmative Defense</u>: The Government is not entitled to injunctive relief sought based upon all of the principles of equitable law depriving Government of such relief and also based upon all extraordinary principles of injunctive relief of the Government may otherwise be entitled to under 26 U.S.C. §6700.[2]

### III. ARGUMENTS

**A. Government's Arguments**

The Government argues this Court should strike each of Hempfling's 23 affirmative defenses. Hempfling's first affirmative defense should be stricken, because it merely restates a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and is not an affirmative defense. Hempfling's first, sixth through fifteenth, seventeenth through nineteenth, twenty-first, and twenty-third "affirmative defenses" should be stricken, because the Court has previously determined they are insufficient, as a matter of law, to deprive this Court of jurisdiction or to serve as a defense to the Government's claims for an injunction. Hempfling's second affirmative defense should be stricken, because it is insufficient as a "bare bones" allegation that this action was not authorized by the Secretary of the Treasury or the Attorney General. Hempfling's third affirmative defense should be stricken because it is insufficient in the absence of factual allegations to support Hempfling's contention that the Chief Counsel was not properly delegated authority to request the instant suit against Hempfling. Hempfling's fourth affirmative defense should be stricken as insufficient because there is no requirement in the Federal Register Act to publish Treasury Department Order (TDO) 150-10, which delegated authority from the Secretary of the Treasury

---

[2] Defendant Steve Hempfling ("Hempfling") asserts these defenses in Def. Hempfling's Answer to the Gov.'s Amended Com. For Perm. Injunction; and, Affirmative Defenses Thereto, pp. 2-9. Doc. 75. Hereinafter, these affirmative defenses will be referred to by their enumeration, e.g. "first affirmative defense" or "fourteenth affirmative defense."

to the Commissioner of Internal Revenue to take various actions to administer and enforce the internal revenue laws. Hempfling's fifth affirmative defense should be stricken, because the equitable doctrine of laches cannot be asserted against the United States where, as here, it sues in its sovereign capacity to enforce a public right or protect a public interest. Hempfling's twentieth "affirmative defense" should be stricken, because it is a general denial of the allegations and not an affirmative defense. Hempfling's twenty-second "affirmative defense" should be stricken because it is insufficient and does not rise to the level of an affirmative defense.

**B. Hempfling's Opposition**

In his opposition, Hempfling argues that "[t]he government offers a plethora of reasons for their tedious motion, most of which are either premature or not warranted as a matter of law or rule of court. Rather than taking the Court's time in attempting to specifically refute each issue raised by the government, defendant is inclined to present a general view of the law which should sufficiently serve to refute the government's motion." Def. Opp. Mot. Strike, 1:25-28-2:1. Hempfling argues that the government's request for summary judgment on the second affirmative defense should be denied, because the government has failed to comply with the local rules regarding summary judgment. In a general opposition to the Government's motion to strike, Hempfling argues that since a motion to strike affirmative defenses can only address the legal sufficiency of the affirmative defense, and the Court cannot conclude factually that the affirmative defenses have no merit without discovery being engaged in and concluded, the motion to strike must be denied. Hempfling further contends that the Government cannot predicate its motion to strike the affirmative defenses upon this Court's previous orders which did not address issues of fact not before it, but rather, only addressed issues of the legal sufficiency of the complaint. Finally, Hempfling asserts that while the Court is not required or expected to carve out a defense in portions if a motion to strike is granted, the Court will generally allow leave to file an amended answer.

## IV. ANALYSIS

**A. Standard of Review**

Fed. R. Civ. P. 12(f) provides that a court "may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid

the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike under Fed. R. Civ. P. 12(f) is therefore the proper vehicle for a plaintiff to challenge a legally insufficient affirmative defense. 5C Wright & Miller, Federal Practice and Procedure 1380 (3d ed. 2004) ("A motion to strike under Federal Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading, and is the primary procedure for objecting to an insufficient defense.")

Affirmative defenses are pleadings subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller Financial, Inc. v. Widwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Thus, affirmative defenses must be set forth in "short and plain terms" as required by Fed. R. Civ. P. 8(b). If an affirmative defense is insufficient on its face, or comprises no more than "bare bones conclusory allegations," it must be stricken. *Heller*, 883 F.2d at 1294-95. But, a motion to strike an affirmative defense "will not be granted unless it appears with certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991), *cert. denied*, 504 U.S. 957 (1992) (internal citations omitted).

**B. Affirmative Defenses Already Decided by this Court**

A number of the affirmative defenses now asserted are issues already raised, argued, and decided by this Court in prior orders. A motion to strike a defense may be granted where the same defense was rejected by the Court in denying the defendant's motion to dismiss. *Higgins v. Shenango Pottery Co.*, 99 F.Supp. 522, 526 (W.D. Pa. 1951). See also *Imperial Const. Mgmt. Corp. V. Laborers' Int'l Union of North America, Local 96*, 818 F. Supp. 1179, 1186 (N.D. Ill 1993) ("[The Court] has had prior occasion to rule on this argument and has held that it lacks merit"); *Lopez v. Resort Airlines, Inc.*, 18 F.R.D. 37, 40 (S.D.N.Y. 1955) (defense that had already been presented and rejected would be stricken). In essence, the Court has already ruled that these issues are legally insufficient.

The following affirmative defenses have already been presented and rejected by this Court: first (First Order, 32:3-5, Second Order), sixth (First Order, 32:10-12, Second Order, 431 F.Supp.2d 1069,

1072-73), ninth (First Order, 20:27-28-25:26), tenth (First Order, 20:27-28-25:26),[3] eleventh (Second Order, 431 F. Supp.2d at 1079-1082), twelfth (Second Order, 431 F. Supp.2d at 1079-1082), thirteenth (First Order, 20-25), fourteenth (First Order, 6:22-28-7:1-6, pp. 27-31), fifteenth (Second Order, 431 F.Supp.2d at 1082-85), eighteenth (First Order, 26-27, Second Order, 431 F.Supp.2d. at 1082-85), nineteenth (Second Order, 431 F.Supp.2d at 1082-85), twenty-first(First Order, 26-32), and twenty-third (First Order, 27:6-11).  The government's motion to strike these affirmative defenses is GRANTED.

**C. Affirmative Defenses which are Motions to Dismiss**

The Government correctly asserts that Hempfling's first affirmative defense is not an affirmative defense and should be stricken.  In *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005), the court explained that "[n]ot all contentions that attach a plaintiff's cause of action are affirmative defenses. Rather, a defense is an affirmative defense if it will defeat a plaintiff's claim even when the plaintiff has stated a prima facie case for recovery under the applicable law."  Hempfling's first affirmative defense is a restatement of grounds for dismissal under Fed. R. Civ. P.  12(b)(6).  This "affirmative defense" would not defeat the claim even when the plaintiff has stated a prima facie case.  Instead, Hempfling's first "affirmative defense" is attacking the Government's prima facie case.  Furthermore, Hempfling has already filed two motions pursuant to Fed. R. Civ. P. 12(b)(6) on June 29, 2005 and November 15, 2005.  Presenting it now as an "affirmative defense" is merely an attempt to shirk the Federal Rules of Procedure.   Therefore, the Government's motion to strike Hempfling's first affirmative defense is GRANTED.

Similarly, Hempfling's sixteenth affirmative defense attacks the complaint by claiming there are "insufficient facts to support irreparable harm."  As noted above, this Court has already determined that the alleged activity is not protected by the Constitution.  See Second Order, 431 F.Supp.2d at 1082-85. The only issue left in this affirmative defense is a claim of "insufficient facts."  A claim of this nature is not an affirmative defense.  Therefore, the Government's motion to strike Hempfling's sixteenth

---

[3] The seventh through tenth affirmative defenses allege that 26 U.S.C. §6700 is unconstitutional and are also redundant within the meaning of Fed. R. Civ. P. 12(f).   See *Wilkerson v. Bulter*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (defining redundant matter as allegations that "constitute a needless repetition of other averments).  These "affirmative defenses" are also insufficiently pleaded under Fed. R. Civ. P. 8(a) See *Surface Shields, Inc. v. Poly-Tak Prot. Sys., Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003)(discussing insufficiency of allegations under Fed. R. Civ. P. 8(a)).

affirmative defense is GRANTED.

**D. Hempfling's Second Affirmative Defense**

Hempfling's second affirmative defense asserts that this action has not been authorized at the direction of the Attorney General. Hempfling further asserts:

> As a matter of law the government's complaint must either be dismissed or substantiated as properly authenticated. Failure of the government to offer said proof, or the court to demand such proof of authorization to proceed deprives this Court of jurisdiction to proceed. This action must be dismissed absent such proof by the government, forthwith. (Def. Answer, 3:10-14).

Forthrightly, in the present motion to strike affirmative defenses, the Government presented the requested evidence. The Declaration of Seth G. Heald establishes that the Chief Counsel of the Internal Revenue Service (through her delegate) authorized the requested Attorney General to bring this action against Hempfling in a letter dated March 25, 2004. Declaration of Seth G. Heald ("Heald Decl."), 4, 5 and Exhibit A thereto.

The Heald Declaration and exhibit are sufficient proof that the attorney general authorized this action. See *Raymond*, 228 F.3d at 809; *Palmer v. U.S.*, 116 F.3d 1309, 1311 (9th Cir. 1997)(copies of letters containing authorization sufficient). The declaration establishes that this civil action was brought at the request of the Attorney General. Heald Decl. 7, 8. Hempfling points out that this Court earlier denied his motion for summary judgment because "Defendant has filed no Statement of Undisputed Facts...Little if any discovery has been conducted in this case. Finally, these issues were not presented in a properly noticed summary judgment motion and will therefore not be construed as such.." Def. Opp. Mot. to Strike, 4:7-10 (citing Second Order, n.9). The Government requests a partial summary judgment entered in favor of the United States on this issue within the body of its memorandum in support of the motion to strike, because no genuine issue of material fact remains for trial with respect to the issue of whether this civil action was properly requested by the Secretary of the Treasury.

The Government also moves to strike this issue as immaterial. The issue in this affirmative defense, whether the civil suit was authorized, is a question of fact. Affirmative defenses should not be stricken if they are dependant on issues of fact. See *United States v. Martell*, 844 F. Supp. 454, 457 (N.D. Ind. 1994). Further, the sufficiency of this defense can be tested more thoroughly on motion for

summary judgement. See *Van Shouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). Finally, while the Government's argument has merit, Local Rule 56-260 has not yet been satisfied. Therefore, the Government's motion relating to Hempfling's second affirmative defense is DENIED.

**E. Affirmative Defenses relating "proper authority" of the Secretary of Treasury and the publication of such delegation**

The Government contends that Hempfling's third and fourth affirmative defenses should be stricken as insufficient. This Court agrees. Both of these "defenses" have been repeatedly rejected by the Ninth Circuit and other federal courts. See, e.g. *Wolf v. Comm'nr*, 4 F.3d 709, 716 (9th Cir. 1993); *United States v. Saunders*, 951 F.2d 1065,1067-68 (9th Cir. 1991); *Lonsdale v. United States*, 919 F.2d 1440, 1444-46 (10th Cir. 1990). These cases make clear that the Chief Counsel has the delegated authority to request that this suit be brought and that the delegation of that authority is not required to be published.

Fed. R. Civ. P. 12(f) is the proper vehicle to challenge a legally insufficient affirmative defense. These two affirmative defenses are legally insufficient, in that the law is well-settled on these issues. Therefore, the Government's motion to strike Hempfling's third and fourth affirmative defenses is GRANTED.

**F. Laches**

Hempfling's fifth affirmative defense relies on the equitable doctrine of laches. The Government asserts that the "general rule is that the United States is not subject to the defense of laches in enforcing its rights." Mot. to Strike, 14:4-7 (citing *United States v. Overman*, 424 F.2d 1142, 1147-48 (9th Cir. 1970) (internal citations omitted). The Government further contends that "Hempfling has not identified any exception to the general rule that applies to this case. In the absence of such an exception, the affirmative defense of laches simply does not apply." Mot. to Strike, 14, 9-10.

Rather than in a motion to strike, it would be best to test the sufficiency of this defense on a motion for summary judgment. See *Van Shouwen v. Connaught Corp.*, 782 F. Supp. 1240 (N.D. Ill. 1991). Because there are exceptions to the general rule that the United States is not subject to the defense of laches, the Court can not strike on the basis that this issue is insufficient as a matter of law; however, as the Government points out, Hempfling has not identified any exception. Without notice

of the exception, the Government is not on fair notice of the basis of the defense. Failing to do so makes the affirmative defense insufficient under Fed. R. Civ. P. 8. Therefore, the Government's motion to strike is GRANTED with leave to amend.

**G. Seventh and Eighth Affirmative Defenses**

The seventh and eighth "affirmative defenses" assert that both 26 U.S.C.§ 6700 and 26 U.S.C. §6701 are "unconstitutional." In previous orders, this Court only considered and rejected Hempfling's arguments on the constitutionality of U.S.C. §6700. First Order, 20:27-28-25:26. For the reasons above, the Government's motion to strike is GRANTED in part, insofar as the seventh and eighth affirmative defenses relate to 26 U.S.C. §6700.

What is left of the seventh and eighth affirmative defenses are the claims that 26 U.S.C. §6701 is "unconstitutional" either on its face or as applied in this case. These claims are insufficient under Fed. R. Civ. P. 8, because they fail to provide fair notice of the basis of the defense. See *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049-50 (N.D. Cal. 2004). Simply calling the statute "unconstitutional" does not put the Government on notice of which of the many articles, amendments, clauses, provisions, or doctrines of Constitutional Law the statute is allegedly violating. See also n.3, *infra*. An affirmative defense is legally insufficient and may be stricken for failure to put the plaintiff on fair notice of the defense. See *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) Therefore, the Government's motion to strike the claims within the seventh and eighth affirmative defenses is GRANTED in full.

**H. Remainder of the Affirmative Defenses**

The Government's motion to strike applies to all twenty-three affirmative defenses, which the Government claims "add nothing of substance to this litigation..... Those [affirmative defenses] which this Court has not previously rejected...are immaterial or redundant." Pl. Mot. to Strike, 22:2-7. While Hempfling does not specifically address each of the affirmative defenses, he argues that a motion to strike is improper, because no factual determinations have been made in this case so far. Indeed, as discussed *supra*, it is improper to grant a motion to strike an affirmative defense if there is a factual dispute. This Court turns its attention to the remainder of the affirmative defenses.

### 1. Seventeenth Affirmative Defense

Hempfling's seventeenth affirmative defense is:

> [T]he allegations contained within the First Amended Complaint concerning hypothetical issues and questions are speculative and not subject to judicial determination pursuant to *Kleindiesnst v. Mandel*, 408 U.S. 753, 773 (1972) (quoting *Thomas v. Collins*, 323 U.S.516, 545 (Jackson, J., concurring said "[t]he very purpose of the First Amendment is to foreclose public authority from assuming a guardianship of the public mind through regulating the press, speech and religion. In this field every person must be his own watchman for truth, because the forefathers did not trust any government to separate the true from the false for us.") *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683, (6th Cir. 2002).

The Court may properly strike a claim that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (finding that a court should usually allow a party to amend a claim or complaint unless it has the preceding characteristics). The Court finds that Hempfling's seventeenth affirmative defense is confused and unintelligible. Accordingly, the motion to strike is GRANTED.

### 2. Twentieth Affirmative Defense

Hemfling's twentieth affirmative defense alleges that

> the government has no evidence, and has alleged none in their First Amended Complaint, than any person, individual, or citizen relied upon the alleged representations (false or otherwise) allegedly made by Hempfling." The Government argues that Hempfling's twentieth affirmative defense is "a general denial of the allegations of the complaint and not an affirmative defense.

Pl. Mot. Strike, 20:24-26. The Government further argues that third-party reliance is "irrelevant and immaterial to the issues of whether the defendant engaged in conduct subject to penalty under IRC 6700." The Government provides no support for this statement. Further, as discussed above, testing a defense is better done in a motion for summary judgment motion. Therefore, the motion to strike is DENIED.

### 3. Twenty-second Affirmative Defense

In his twenty-second affirmative defense, Hempfling argues that he is put in the "untenable situation of defending a civil lawsuit brought by the government the results thereof which would force Hempfling to either offer testimony against himself, or in the alternative, withhold such information based upon his constitutionally protected rights under the First, Fourth, Fifth, and Ninth Amendments."

The Government argues that this "affirmative defense' should be stricken as insufficient and

immaterial because Hempfling's self-inflicted dilemma over whether to testify in this civil action is completely unrelated to the issues presented in this case....Because parallel civil and criminal proceedings are the norm, Hempfling cannot assert the possibility that he may be prosecuted in the future for the same conduct as a defense to his liability for an injunction in the present case." Pl. Mot. Strike, 21. Hempfling is only required under Fed. R. Civ. P. 8 to make a "short and plain statement" of his claim. In this case, the government has not established that this affirmative defense is insufficient as a matter of law. The best vehicle for a decision on this issue as a matter of law would be a motion for summary judgment. Accordingly, the motion to strike is DENIED.

## V. Conclusion

For the foregoing reason, this Court ORDERS:

I. The hearing on this motion currently scheduled for May 8, 2007 is VACATED;

II. The Government's motion to strike Hempfling's first, third through nineteenth, and twenty-first affirmative defenses is GRANTED;

III. The Government's motion to strike Hempfling's second, twentieth, and twenty-second affirmative defenses is DENIED;

IV. Hempfling is GRANTED LEAVE TO AMEND his fifth affirmative defense;

V. If Hempfling chooses to file an amended answer, his general and specific denials shall remain identical to those in his answer filed on March 19, 2007; and

VI. If Hempfling chooses to file an amended answer, he may only include his second, twentieth, and twenty-second affirmative defenses, as stated in the answer filed on March 19, 2007, and an amended fifth affirmative defense (laches) consistent with this order. No new or additional affirmative defenses may be included without prior court order. Hempfling shall file and serve his amended answer no later than May 15, 2007.

**IT IS SO ORDERED.**

**Dated:   May 1, 2007**              /s/ Lawrence J. O'Neill
                         **UNITED STATES DISTRICT JUDGE**