UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>STEVEN HEMPFLING, d/b/a FREE ENTERPRISE SOCIETY,<br><br>        Defendant.<br>_____/ | 1:05-cv-00594-LJO-SMS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S DEMAND FOR JURY TRIAL**<br>(Doc. 82) |

    Plaintiff's motion to strike demand for jury trial came on regularly for hearing on June 1, 2007 at 9:30 a.m. in Courtroom No. 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.  Robert D. Metcalfe, Trial Attorney, Tax Division for the U. S. Department of Justice, appeared telephonically on behalf of Plaintiff.  William McPike, Esq., appeared telephonically on behalf of Defendant.  The Court has reviewed the motion and memorandum in support thereof, the opposition and memorandum in opposition thereto, as well as Defendant's surreply filed in response to Plaintiff's oral argument at the hearing.  Upon receipt of Defendant's surreply, the matter was submitted to the Court.

1

Procedural Background

On May 2, 2005, Plaintiff filed a complaint (Doc. 1) seeking a permanent injunction pursuant to 26 U.S.C. §§ 7402 and 7408 for violations of the Internal Revenue Code § 6700.  The prayer (at page 11) is for injunctive relief only and, "H. That the Court grant the United States such other and further relief as the Court deems appropriate."

On June 29, 2005, Defendant filed a motion to dismiss or for summary judgment (Doc. 7).  On September 23, 2005, the motion to dismiss was denied on all grounds except under Rule 9(b), and Plaintiff was granted twenty days to file an amended complaint (Doc. 37).  On October 13, 2005, Plaintiff filed an amended complaint for permanent injunction (Doc. 39).  On November 15, 2005, Defendant filed a motion to dismiss the amended complaint (Doc. 43), and a motion to strike certain portions of the amended complaint (Doc. 44), which motions were denied on February 22, 2006 (Doc. 56).  On March 1, 2006, Defendant filed an interlocutory appeal (Doc. 58), which was dismissed on June 15, 2006 (Doc. 70-2).  On March 19, 2007, Defendant filed his answer to the amended complaint (Doc. 75) alleging affirmative defenses. On April 4, 2007, Plaintiff filed a motion to strike affirmative defenses (Doc. 79) which was granted in part and denied in part on May 1, 2007 (Doc. 89), granting Defendant leave to amend his fifth affirmative defense, with instructions.  On May 15, 2007, Defendant filed his amended answer which included a demand for jury trial (Doc. 90).  Plaintiff's motion to strike demand for jury trial, filed on April 9, 2007 (Doc. 82), is presently submitted to this Court for decision (Doc. 92).

Factual Background

Plaintiff's amended complaint seeks a permanent injunction against Defendant Steve Hempfling and his business, Free Enterprise Society.

Using the name Free Enterprise Society, Defendant conducted tax-related seminars where he promoted commercial tax products such as his previously-recorded seminars, the W4 package and the "Reliance 2000" package which Plaintiff alleges falsely purported to show that there is no law requiring individuals to file federal income tax returns or pay income taxes.  He also offered for sale a "civil support service," which allegedly demonstrates that there is no law requiring individuals to file federal income tax returns or pay income taxes.  He also allegedly offered a "civil support service" which entitled participants to obtain, for additional fees, customized tax-related legal briefs and correspondence, and a "legal defense fund" for non-filers that provided support for those charged with willful failure to file income tax returns in violation of IRC § 7203.  He also is alleged to have counseled customers in seminars and elsewhere that there is no legal obligation to pay income tax.

The complaint states that Defendant's "Reliance 2000" program was used to facilitate, encourage and assist his customers to commit willful failure to file tax returns and tax evasion.  That program included buying and reading a two-volume book *The Law That Never Was* by William "Bill" Benson for $80, which, Plaintiff alleges, falsely concludes that the Sixth Amendment was never ratified; buying, for $250, *The Sixteenth Amendment Reliance Package* from Defendant which purports to

3

1  contain the "initial research" for *The Law That Never Was*; buying
2  from Defendant for $50 to $75 and sending to the president,
3  congressmen and senators copies of Defendant's *Redress of*
4  *Grievance Letter Package*, which asked the recipients to answer
5  questions about the ratification of the Sixteenth Amendment; and,
6  buying, for $150 and up, and filing Defendant's federal lawsuit
7  package asking for the answer to the "16th Amendment question."
8      The amended complaint states that the United States is not
9  seeking to prohibit Defendant Hempfling from advertising or
10 distributing all books and other products listed in the website
11 www.freeenterprisesociety.com.  Rather, the complaint seeks to
12 bar advertising and distribution only of those products and types
13 of products identified in the complaint as being subject to
14 penalties under IRC §§ 6700 or 6701, or to injunction under IRC
15 §§ 7408 or 7402.  Defendant is alleged to have engaged in such
16 conduct in count I of the amended complaint.  In count II of the
17 amended complaint, Plaintiff states that Defendant has engaged in
18 conduct that substantially interferes with the administration and
19 enforcement of the internal revenue laws, and prays that
20 Defendant be enjoined from such activity as he is likely to
21 continue to do so.
22     Plaintiff seeks a permanent injunction enjoining Steven
23 Hempfling individually and d/b/a Free Enterprise Society from
24 engaging in conduct subject to penalty under IRC § 6700, any
25 conduct that interferes with the enforcement of the internal
26 revenue laws, and that injunctive relief against him, his
27 representatives, agents, servants, employees, and those in
28 concert or participation with him is appropriate to prevent

4

recurrence of that conduct.  Plaintiff requests that the injunction require Hempfling's representatives, agents, servants, etc., turn over to Plaintiff any records that identify individuals or entities who purchased or used any other tax shelter, plan or arrangements in which Hempfling individually or doing business as Free Enterprise Society has been involved. Plaintiff requests that the Court allow the Government full post-judgment discovery to monitor compliance with the injunction, and that the Court grant the United States such other and further relief as the Court deems appropriate.

Issues Presented

Plaintiff requests that the demand for jury trial be stricken because there is no constitutional or statutory right to trial by jury based on the allegations in the complaint.

Plaintiff argues that a jury trial applies only to suits at common law, not in equity. Curtis v. Loether, 415 US. 189, 193 (1974); Securities and Exchange Commission v. Rind, 991 F.2d 1486, 1493 (9th Cir. 1993). Plaintiff contends that suits at common law are defined as "suits in which legal rights were to be ascertained and determined" in contraindication to those where equitable rights alone were regarded, and equitable remedies were administered." Pel-Star Energy, Inc. v. U.S. Dept. of Energy, 890 F.Supp. 532, 539 (W.D.La. 1995). Thus, Plaintiff asserts this is an equitable action seeking only injunctive relief, and thus there is no right to a jury trial. United States v. Westbanick Corp., 63 F.R.D. 366, 367 (E.D.Wis. 1974); Coca-Cola Co. v. Cahill, 330 F.Supp. 354, 356 (W.D.Okla. 1971). At
//

5

hearing, Plaintiff pointedly declared it was not now nor would it be seeking any monetary penalties against Defendant.

Defendant contends that he is entitled to a jury trial as the Seventh Amendment provides that in "Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const.Amend. VII.  Defendant argues that because of the government's allegation that they are seeking only an injunction against him under § 7408, the government must prove that he was engaging in conduct prohibited by § 6700, which provides a penalty of $1,000 per violation or some lesser amount if a defendant establishes a lesser amount by way of showing that 100% of the gross income derived by the person who violates its provisions is a lesser amount.  The government argues multiple violations of § 6700, which requires proving false or fraudulent elements as well. Therefore, the amount at issue would be at least $1,000. Defendant contends that these penalties are "legal" or "at law" issues, and the Seventh Amendment requires a jury trial, despite the government's "artful pleading" seeking only "an injunction."

Defendant further asserts that although the relief sought in the complaint is for an injunction only, Fed.R.Civ.P. 54(c) specifically authorizes, if not requires, that the court grant whatever relief a party may be entitled to, regardless of whether or not is requested in the complaint.  Defendant alleges that "[I]t is of no moment that the government's complaint only seeks injunctive relief.  If it proves the elements of § 6700, as it is required to do to prevail on its complaint, it would be entitled to whatever monetary penalties are allowed under the statute."

6

(Defendant's opposition, Doc. 91, p. 2:21-24)  Defendant argues that because he may be liable for the penalties under § 6700, the issue becomes "legal" or "at law" and the Seventh Amendment entitles him to a jury trial based upon the legal issues involved.

He further argues that because this case may present both legal and equitable matters is no reason to deny a jury trial. Assuming the case is a mix of legal and equitable claims, the court has limited discretion in determining the sequence of trial, and must, whenever possible, preserve the right to jury trial.  <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 510 (1959).  He contends that only under the most imperative circumstances can the right to a jury trial of legal issues be lost through prior determination of equitable claims.  <u>Id.</u>  This is true even in complex cases.  <u>In re U.S. Financial Securities Litigation</u>, 609 F.2d 411, 426 (9th Cir. 1979).

<u>ANALYSIS</u>

There is little dispute with regard to the Seventh Amendment's provision for jury trials.  It provides that, "[I]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

Initially, it must be determined if the right to trial by jury attaches to the particular statutory claim involved.

> First, we must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." <u>Tull v. United States</u>, 481 U.S. 412, 417 (1987)(cites omitted). Second, we must "examine the remedy sought and determine whether it is legal or equitable in nature." <u>Id</u>. at 417-18, (cites omitted).  <u>The second inquiry is more important.</u>  <u>Id</u>. at 421. (emphasis added)

7

Securities and Exchange Commission v. Rind, 991 F.2d 1486, 1493 (9th Cir.), cert. denied, 510 U.S. 963 (1993). In this case, the court determined that joining an action for disgorgement of profits to the injunction action did not entitle a defendant to a jury trial because such joinder does not detract from the equitable nature of the action. See also Coca-Cola Company v. Cahill, 330 F.Supp. 354, 355 (W.D.Ok. 1971)(Claim for injunctive relief and an equitable accounting are suits in equity and equity courts have the power to decree complete relief; for that purpose equity courts may accord what would be otherwise a legal remedy).

In assessing whether the Seventh Amendment provides for a jury trial in a specific case "depends on the nature of the issue to be tried rather than the character of the overall action." Ross v. Bernhard, 396 U.S, 531, 538 (1970). In Ross, the Supreme Court identified a three-part test, that is, following the first two tests, evaluation of the practical abilities and limitations of juries can be considered. Id. However, in a later case the Supreme Court shifted the focus to the second issue -- the nature of the relief sought. Hildebrand v. Bd. of Tr. of Mich. State Univ., 607 F.2d F.2d 705 (1979), cert. denied, 456 U.S. 910 (1982). See also Curtis v. Loether, 415 U.S. 189 (1974). Thus, it is important to remember that the remedy sought is the more important element in deciding whether a claim is legal or equitable. Tull v. United States, 481 U.S. 412, 417 (1987).

The courts uniformly find that in cases such as this one, where a statute authorizes injunctive relief for violation of another section of the statute, the action is equitable and that no jury trial is required. United States v. Ellis Research

Laboratories, Inc., 300 F.2d 550, 554 (7th Cir. 1962)(No jury trial required in action to enjoin defendants from shipping misbranded device for diagnosis of disease under Food, Drug and Cosmetic Act as the action sought only injunctive relief).

In United States v. Westbanick, 63 F.R.D. 366 (E.D.Wis. 1974) the court discussed the right to jury trial under Title VIII of the Civil Rights Act of 1968. Section 812(c) provides for damages, and if damages are requested, the 7th Amendment guarantees the right to jury trial. Section 813 makes no provision for damages whether compensatory or punitive in nature. Thus, in a case seeking only injunctive relief under the Act pursuant to § 813, there is no right to a jury trial. At 63 F.R.D. at 367, the Court stated:

> This is generally true, no matter what the subject matter of a particular suit may be. Professor Moore, for example, has made the categorical observation that . . . "in an action solely for an injunction there is no right to jury trial" 5 Moore, Federal Practice ¶ 38.24[1], at 190.1 (2d ed. 1971). See generally United States v. Ellis Research Laboratories, Inc., 300 F.2d 550 (7th Cir.), cert. denied 370 U.S. 918 (1962); Adams v. Fazzio Real Estate Co., 268 F.Supp. 630 (E.D.La. 1967, affd. 396 F.2d 146 (5th Cir. 1968) . . .

In United States v. Conces, 2006 WL 356929 (W.D.Mich. 2006), WL356929, (W.D.Mich.2006) the United States sought injunctive relief prohibiting Conces from violating internal revenue laws, that is, from organizing, promoting, marketing or selling abusive tax shelters under the same IRS statutes as here, and a demand for jury trial was denied as there is no right to a jury trial where the claims are equitable in nature.

Defendant argues that the government seeks an injunction under §§ 7402 and 7408 for violations of § 6700, which is a

penalty statute.  Thus, the case requires resolution of legal or at law issues of § 6700, and a jury trial is required under the 7th Amendment.

The argument is without merit.  Further, it is presented without citation to any legal authority holding that reference to the violations, which provide for monetary penalties, in seeking an injunction under a statute that provides authority for such injunction, makes the action one at law.  It also ignores the second inquiry set out in order to determine whether an action is legal or equitable.  In this case there is no question that the relief sought here is equitable and would have been so in the courts of England prior to the merger of law and equity.  The second, and most important inquiry, is whether the remedy sought is legal or equitable.  Tull v. United States, 481 U.S. 412, 417 (1987).  Here, all that is requested is an injunction and thus the matter is equitable and Defendant is not entitled to a jury trial.

Defendant next argues that under F.R.Civ.P. 54(c) the court is authorized, if not required, to grant whatever relief a party may be entitled, regardless of what is requested.  Thus, if the government proves the elements of § 6700, as it must do to obtain an injunction, it would be entitled to monetary penalties.  Because such penalties are legal, Defendant is entitled to a jury trial.  He argues that Plaintiff's artful pleading cannot turn this legal case into one seeking only an injunction.

Again, Defendant cites to no authority in support of this circuitous argument.  Further, United States v. Raymond, 78 F.Supp.2d 856 (E.D.Wis. 1999), illustrates that proof, by a

preponderance of the evidence, of conduct subject to penalty under § 6700, must be made by the government for it to obtain its injunction.  On Plaintiff's motion for summary judgment and permanent injunction, the court found the program involved was an abusive tax shelter, and injunctive relief was appropriate.  Thus, having to prove underlying violations for issuance of an injunction does not turn an equitable action into one at law.

The relief sought by Plaintiff is an important consideration and is given weight by the courts in determining if the matter is equitable or legal.  In <u>Anti-Monopoly v. General Mills Fun Group</u>, 611 F.2d 296 (9th Cir. 1979), Plaintiff argued that the judge improperly denied it a jury trial.  The original complaint contained two counts for damages as well as seeking equitable relief.  Defendant counterclaimed for an accounting and damages.  The counterclaim was withdrawn and without objection Plaintiff severed the two legal claims.  There was no error in denying the jury trial since only equitable claims remained, and thus only equitable remedies were sought.  In agreement is <u>Francis v. Dietrick</u>, 682 F.2d 485 (4th Cir. 1982) where Plaintiff amended the complaint dropping claim for damages, thereby leaving only equitable issues, and thus no jury trial required.  Here, only equitable remedies are sought.

However, Defendant claims that by artful pleading, Plaintiffs thinly veil the real underlying legal claims which exposes him to penalties under 26 U.S.C. § 6700.  As <u>Tull</u>, and <u>Ross</u>, <u>supra</u>, set out, the relief sought by Plaintiff is the most important element to consider, and Plaintiffs only seek injunctive relief.

11

Indeed, it would be error if Plaintiff were awarded compensatory and/or punitive damages, as Defendant suggests, when only equitable remedies are sought. <u>Harris v. Richards Mfg. Co.</u>, 675 F.2d 811, 814-15 (6th Cir. 1982), an action seeking only equitable relief, and "such other and further relief as may be deemed necessary and proper," was tried without a jury.  In the post-trial brief Plaintiff sought compensatory and punitive damages in its proposed findings of fact and conclusions of law and the court awarded both compensatory and punitive damages.  On appeal Defendant contended that such an award denied them a trial by jury.  The appellate court held that it was error to award damages where they were never prayed for nor specifically proved, and when the pleadings gave Defendants no hint that damages were to be litigated.  This was denial of the right to have legal issues tried before a jury and the court reversed the award of damages.

Therefore, Defendant's argument that Plaintiff, by artful pleading, is seeking legal as well as equitable remedies is meritless.  Plaintiff seeks only equitable relief, and is entitled only to the relief prayed for.

Because Plaintiff will be required to prove factual questions concerning the alleged abusive tax shelters does not necessarily establish the claim is legal nor mandate a jury trial.  If no monetary damages are sought by Plaintiff, there is no right to a jury trial. <u>Anti-Monopoly v. General Mills Fun Group</u>, 611 F.2d 296 (9th Cir. 1979); <u>Louis Kemp, Superior Seafoods, Inc. v. Tyson Foods, Inc.</u>, 2001 WL 1636512 (D.Minn). An equitable claim may involve a legal issue of fact or may turn

on a question of fact, but the existence of an issue of fact does not per se create a legal claim which would entitle a party to a jury trial. <u>Shubin v. U.S. District Court for the S.D. of California</u>, 313 F.2d 250, 251 (9th Cir. 1963); <u>Anti-Monopoly, Inc. v. General Mills Fun Group, Inc.</u>, 1976 WL 20999 (N.D.Cal. 1976), reversed and remanded, 611 F.2d 296, 308 (9th Cir. 1979) (reversed on trademark issue, but affirmed on holding that existence of factual question of trademark validity does not necessarily mandate a jury trial, and if no monetary damages are sought, jury trial properly denied as complaint was for equitable relief). In agreement, <u>Louis Kemp, Superior Seafoods, Inc. v. Tyson Foods, Inc.</u>, 2001 WL 1636512 (D.Minn).

It should be noted that a prayer that includes language requesting "all relief to which the plaintiff may appear to be entitled" or "such further relief as may be deemed proper" is not somehow magical and all encompassing, and does not constitute a prayer for legal relief in the form of damages. Such catchall phrases are limited to relief of the same kind that is specifically enumerated, i.e., equitable relief. <u>Deringer v. Columbia Transportation Div., Oglebay Norton Co.</u>, 866 F.2d 859, 863 (6th Cir. 1989); <u>Harris v. Richards Mfg. Co., Inc.</u>, 675 F.2d 811, 815 (6th Cir. 1982).

Finally, Defendant argues that this case may present both legal and equitable matters, and thus the court is required to examine the case further. <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500 (1959); <u>In re U.S. Financial Securities Litigation</u>, 609 F.2d 411, 426 (9th Cir. 1970). However, as indicated above, there is no mixed issue here to analyze because Plaintiff seeks a

13

purely equitable remedy, assuring the Court at hearing it would not be seeking any monetary penalties against Defendant.

In view of the above, there is no doubt that Plaintiff seeks only equitable relief and Defendant is not entitled to a jury trial.

Therefore, Plaintiff's motion to strike demand for jury trial is hereby GRANTED.

IT IS SO ORDERED.

**Dated:   July 3, 2007**                             /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE