UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 1:05-cv-00594-LJO-SMS |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION |
| v. | ) TO COMPEL RESPONSES TO FIRST SET |
| | ) OF INTERROGATORIES AND TO FIRST |
| STEVEN HEMPFLING, d/b/a/ FREE ENTERPRISE SOCIETY, | ) SET OF REQUESTS FOR PRODUCTION (DOC. 108) |
| Defendant. | ) ORDER DIRECTING DEFENDANT TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION NO LATER THAN FEBRUARY 4, 2008 |
| | ORDER DIRECTING PLAINTIFF'S COUNSEL TO SUBMIT DECLARATION REGARDING FEES AND EXPENSES WITHIN FIFTEEN DAYS |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

I. <u>Background</u>

Plaintiff moves to compel Defendant to respond to Plaintiff's first set of interrogatories and first set of requests for production of documents and things, which were served on October 22, 2007, and which required responses on or

1

before November 25, 2007. Defendant has opposed the motion,[1] and Plaintiff filed a reply. Previously, this Court had ordered Defendant's jury demand stricken on July 5, 2007, and Defendant filed an interlocutory notice of appeal from the order on August 2, 2007. Defendant informed Plaintiff by letter dated November 9, 2007, that it was the position of Defendant and his counsel that the pendency of the appeal deprived this Court of subject-matter jurisdiction and further rendered the Plaintiff's propounding of discovery improper and relieved Defendant of any obligation to comply with discovery requests. Defendant has neither specifically objected nor responded to any of the discovery requests.

By separate order, the Court has vacated the hearing on the motion, and the matter has been submitted to the Court for decision based on the pleading and papers heretofore submitted in connection with the motion.

II. Compliance with Local Rule 37-251

The Court rejects Defendant'S contention that the motion to compel should be denied because of the moving Plaintiff's failure to comply with the requirements of Local Rule 37-251 that the parties meet, confer, and prepare a joint statement of discovery disagreement.

Here, Defendant completely failed to respond to the discovery requests; therefore, pursuant to Rule 37-251(d), this is one of the situations in which no joint statement is required,

---

[1] Defendant argued in the opposition that an interlocutory appeal deprived this Court of jurisdiction, but the opposition was filed January 22, 2008, a week after January 14, 2008, the day of filing of the the Ninth Circuit's order dismissing the appeal and denying an alternate request to proceed in mandamus.

2

namely, where there has been a complete and total failure of Defendant to respond to the request.

## II. Lack of Jurisdiction

The Court rejects Defendant's argument that the Court was or is without jurisdiction over the action.

As Judge O'Neill decided in the order of January 4, 2008, extending two deadlines (non-expert discovery extended to February 4, 2008, and pretrial motion filing deadline extended to February 14, 2008), the filing of an appeal from an interlocutory order, as distinct from an appeal from a final order, does not automatically divest the district court of jurisdiction without a certification pursuant to Fed. R. Civ. P. 54(b). (Order at p. 4 (citing 28 U.S.C. § 1291, Fed. R. Civ. P. 54(b), and Chacon v. Babcock, 640 F.2d 221 (9th Cir. 1981)).) Further, Judge O'Neill determined that an order to show cause that had issued from the Ninth Circuit indicated that the appellate court had not exercised jurisdiction. (Id. at pp. 4-5.) It appears that this Court should be bound by Judge O'Neill's ruling pursuant to the doctrine of the law of the case. A court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Lummi Indian Tribe, 235 F.3d at 452-53 (citing United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998)). Here, there does not appear to be any basis to do other than follow Judge O'Neill's order.

Finally, the Court takes judicial notice of an order filed

3

1  in the Ninth Circuit Court of Appeals on January 14, 2008, in
2  which the court concluded that it lacked jurisdiction over the
3  interlocutory appeal from the Magistrate Judge's order. The Court
4  may take judicial notice of court records. Fed. R. Evid. 201(b);
5  United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993);
6  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.
7  Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). Further, the
8  court stated that it denied the alternative prayer for review by
9  way of mandamus. Thus, it does not appear that there is any
10 proceeding pending before the Ninth Circuit any longer.
11       Finally, as noted by Judge O'Neill, even though an
12 interlocutory appeal might have been pending, it is specifically
13 provided by statute that an application for an appeal shall not
14 stay proceedings in the district court unless the district court
15 or the Court of Appeals shall so order. 28 U.S.C. § 1292(b).
16       Accordingly, the pendency of the appeal from an order
17 concerning a jury demand did not make the propounding of
18 discovery improper and did not relieve the Defendant of his
19 obligation to comply with discovery demands. The Court further
20 finds that Defendant's position with respect to the effect of the
21 appeal on jurisdiction was not substantially justified.
22       III. Remedy
23            A. Compelling Discovery Responses
24       Plaintiff seeks to have Defendant be ordered to respond to
25 the interrogatories and request for production and things by
26 February 4, 2008, the deadline for non-expert discovery recently
27 set by Judge O'Neill; further, it seeks reimbursement of the
28 United States for its attorney's fees and reasonable expenses.

4

1  Defendant has failed to respond to the discovery requests,
2 has not objected to any of them, and has thus waived any
3 objections to the discovery requests. A failure to object to
4 discovery requests within the time required constitutes a waiver
5 of any objection. <u>Richmark Corp. v. Timber Falling Consultants</u>,
6 959 F.2d 1468, 1473 (9th Cir. 1992).

7  The Court concludes that Plaintiff's motion to compel should
8 be granted.

9  In the order of January 4, 2008, Judge O'Neill noted that
10 the government's preparation of the case had been hampered by
11 Defendant, and the Court would not permit Defendant to use the
12 tactics of raising meritless arguments to avoid cooperating with
13 discovery requests and to delay this litigation, which is already
14 two and one-half years old. (Order pp. 5-6.) Thus, the Court
15 extended the pretrial deadlines; however, the Court noted that
16 the government had had notice of Defendant's position on the
17 outstanding discovery requests, and yet the government had not
18 brought a timely motion to compel compliance; thus, the Court
19 declined to move the pretrial conference and trial dates of April
20 2, 2008, and May 14, 2008, respectively. (<u>Id.</u> p. 5.)

21  The Court therefore concludes that the due date for
22 Defendant's required compliance with Plaintiff's discovery
23 requests will be February 4, 2008, in order to stay within the
24 dates set by Judge O'Neill and to permit time for motions
25 thereafter to be filed timely.

26   B. <u>Fees and Expenses</u>

27  Under Rule 37(d), the Court shall require the party failing
28 to act or the attorney advising that party or both to pay

5

the reasonable expenses, including attorney's fees, caused by the failure unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The filing of a notice of appeal without seeking interlocutory certification in the instant action did not justify Defendant's noncompliance with his discovery obligations; no other circumstances make an award of expenses unjust.

Therefore, the reasonable expenses, including attorney's fees, caused by Defendant's failure to comply with discovery, will be ordered to be paid after the Plaintiff submits a declaration detailing those expenses.

IV. Disposition

Accordingly, it IS ORDERED that

1) Plaintiff's motion to compel Defendant to respond to Plaintiff's first set of interrogatories and first set of requests for production of documents and things IS GRANTED; and

2) Defendant IS ORDERED to serve responses to Plaintiff's first set of interrogatories and first set of requests for production of documents and things no later than February 4, 2008; and

3) Fees and costs SHALL BE AWARDED; Defendant WILL BE ORDERED to pay the reasonable expenses, including attorney's fees, of Plaintiff that were caused by the Defendant's failure to respond to the discovery after the Court receives input from Plaintiff regarding the amount of those fees and expenses; and

4) Plaintiff's counsel IS DIRECTED to serve and file in this Court no later than fifteen days after the date of service of

this order a declaration or declarations in support of claimed fees and costs.

IT IS SO ORDERED.

**Dated:     January 30, 2008                          /s/ Sandra M. Snyder**
                                                                              UNITED STATES MAGISTRATE JUDGE