McGREGOR W. SCOTT
United States Attorney

ROBERT D. METCALFE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone:   (202) 307-6525
Facsimile:    (202) 514-6770
E-mail: Robert.D.Metcalfe@usdoj.gov
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 1:05-CV-00594-LJO-SMS |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO HOLD DEFENDANT IN CIVIL CONTEMPT** |
| v. | |
| STEVE HEMPFLING, d/b/a FREE ENTERPRISE SOCIETY, | **Date:** June 11, 2008<br>**Time:** 8:30 a.m. |
| Defendant. | **Request to Appear by Telephone** |

The defendant, Steven Hempfling, has violated the Order on Government's Permanent Injunction and Sanctions Motions (Doc. #147) by willfully refusing to (1) "[deliver] . . . a copy of [the] permanent injunction order to everyone who purchased the 'W4 Alternative Withholding Package,' 'IRS Lien and Levy Package,' 'Reliance 2000 Program,' and/or '16th Amendment Reliance Package'"; and (2) "[s]erve the Government [with] a complete list of everyone who purchased from defendant [the aforesaid items] and . . . provide the Government [with] the purchasers' names, mailing addresses, e-mail addresses and Social Security numbers." *Id.* This

**Memorandum of Points and Authorities
in Support of Plaintiff's Motion to Hold
Defendant in Civil Contempt**

3259672.11

Court should impose coercive sanctions, including incarceration, to compel Hempfling's compliance with the above-quoted provisions of the permanent injunction entered in this case.

## STATEMENT OF THE CASE

This was an action for an injunction under section 7408 of the Internal Revenue Code (26 U.S.C.) ("IRC") prohibiting the defendant, Steven Hempfling, from selling tax-fraud schemes such as his "W4 Alternative Withholding Package," and from engaging in other conduct subject to penalty under IRC § 6700. The United States also sought and obtained an injunction against Hempfling under IRC § 7402(a) which required the defendant to:

> Deliver (by United States mail, and, if an e-mail address is known, by electronic mail) at his expense a copy of this permanent injunction order to everyone who purchased the "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package";

and

> Serve the Government a complete list of everyone who purchased from defendant Steven Hempfling a "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package" and to provide the Government the purchasers' names, mailing addresses, e-mail addresses and Social Security numbers.

In his letter dated March 27, 2008, defendant Hempfling "enclosed . . . [a] list of people that I have a record of purchasing the W4 Package, Lien/Levy Package, 16th Amendment

Reliance Package or Reliance 2000 program[.]"[1] The sole name that appears on this "list of people" is Department of Justice paralegal Barbara Cantrell.[2] Hempfling also sent Cantrell a copy of the Order on Government's Permanent Injunction and Sanctions Motions (Doc. #147).

Defendant's letter further stated that:

> As you know, I have been identified by the government as an illegal tax protestor. This status as described by the government put me in a precarious situation. Realizing this position I am compelled to rely on my 5th amendment protections. Without waiving said protections I will advise you to the extent anyone purchased the W4 package, Lien/Levy Package, 16th Amendment Reliance package, or Reliance 2000 Program Package, no such records were ever kept or maintained by me. Thus, I can rely upon the government's knowledge as to those who may have purchased such documents. To this end, I cannot verify the truth or veracity of the government's representations.

On April 11, 2008, defendant filed his "Declaration of Steven Hempfling Pursuant to the Court's Order of March 12, 2008" (Doc. #155). The defendant's Declaration provided, in pertinent part, that "I delivered a copy of the Court's order to every person of which I have a record of purchasing the 'W4 Alternative Withholding Package," IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package" by first class mail and/or email per subparagraph 6 of the Court's Order.

---

[1] A true and correct copy of the defendant's March 27, 2008, letter is attached to the Sixth Declaration of Robert D. Metcalfe as Exhibit A.

[2] Exhibit A to the Sixth Declaration of Robert D. Metcalfe. As part of its case in chief, the United States submitted copies of the defendant's "W4 Alternative Withholding Package," and "IRS Lien and Levy Package" under the Declaration of Barbara Cantrell. *See* Docs. #13-22. Cantrell purchased these and other items from defendant's "Free Enterprise Society" through its website.

**ARGUMENT**

**HEMPFLING HAS REFUSED TO COMPLY WITH A COURT
ORDER AND SHOULD BE HELD IN CONTEMPT**

The power to impose contempt sanctions "is inherent in all Courts."[3] According to the Supreme Court's decision in *Chambers, supra,* this "power reaches both conduct before the court and that beyond the court's confines, for the underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Id.* This authority, inherent in the judiciary, is codified at 18 U.S.C. §§ 401-402, which grants the federal courts broad discretion to fashion an appropriate coercive sanction to remedy the violation of Court orders. *Id.* In the present case, Hempfling should be held in contempt and coercive sanctions (such as incarceration) should be imposed to remedy his violation of this Court's orders, as evidenced by his refusal to send copies of the permanent injunction to his customers and turn over his customer list to the United States.

For a party to be held in civil contempt, that party must have violated "a specific and definite order of the court." *In re Bennett,* 298 F.3d 1059, 1069 (9th Cir. 2002). The party asserting the violation of a court order has the burden of proving the violation by clear and convincing evidence. *Id.* The language of paragraphs 6 and 7 of the Order on Government's Permanent Injunction and Sanctions Motions (Doc. #147), which required the defendant to send copies of the Order on Government's Permanent Injunction and Sanctions Motions to each of the customers who purchased the "W4 Alternative Withholding Package," "IRS Lien and Levy

---

[3] *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991).

**Memorandum of Points and Authorities
in Support of Plaintiff's Motion to Hold
Defendant in Civil Contempt**               4                                              3259672.11

Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package" from the Free Enterprise Society ("FES"), is clear, unambiguous, and perfectly amenable to being enforced through a contempt proceeding. By choosing to send copies of the injunction order to only one of the individuals in the Government's motion for summary judgment, and identify only that individual as one of his customers, Hempfling willfully violated the permanent injunction entered in this case.

The justification asserted for the defendant's refusal to comply with the provision of the permanent injunction order that unambiguously required him to identify his customers and send them a copy of the Court's injunction order - that "no such records were ever kept or maintained by me" - is inherently unbelievable. Hempfling, who has repeatedly asserted throughout this litigation that he and the FES are separate legal entities, is engaging is sheer sophistry when he claims that "he," *i.e.,* Steven Hempfling, did not maintain records of the customers who purchased materials such as the "W4 Alternative Withholding Package" from the FES. Hempfling **IS** the FES.[4] Indeed, Hempfling's letter of March 27, 2008, shows this to be so. The address proffered by Hempfling in the letter (2037 W. Bullard Avenue, #353, in Fresno, California) is also the address for the FES, as shown by the envelope in which the letter was mailed.[5] Furthermore, as the Director of the FES, Hempfling obviously has access to all of the records maintained by the FES (including those of purchasers of FES's tax products).

---

[4] Hempfling was sued not only in his individual capacity, but also "doing business as Free Enterprise Society."

[5] A copy of the envelope for the March 27, 2008 letter written by Hempfling is attached to the Sixth Declaration of Robert D. Metcalfe as part of Exhibit A.

**Memorandum of Points and Authorities
in Support of Plaintiff's Motion to Hold
Defendant in Civil Contempt**                     5                                                    3259672.11

Civil contempt is a proper means of compelling compliance with the Order on Government's Permanent Injunction and Sanctions Motions entered in this case on March 13, 2008. Civil contempt is important here not only because the Court has determined that the United States is entitled to Hempfling's customer list, but also because the Government must investigate whether any of Hempfling's customers used his products to evade the payment of federal taxes. Moreover, Hempfling's customers urgently need to learn of this Court's findings regarding the falsity of the statements made by him in his "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," "Alternative W4 Withholding Package" and "16th Amendment Reliance Package." If Hempfling's customers are not notified of the falsity of his statements, as set forth in the materials enumerated above, they may persist in evading their legal duties to pay federal taxes, thereby incurring substantial delinquent tax liabilities, penalties and interest.

In the civil contempt context, "coercive sanctions seek to induce future behavior by attempting to coerce a recalcitrant party . . . to comply with an express court directive." *United States v. Dowell,* 257 F.3d 694, 699 (7th Cir. 2001). In view of his past refusal to obey court orders, even at the cost of the entry of a default judgement and monetary sanctions, we submit that monetary sanctions would not be an effective tool to coerce Hempfling's compliance with paragraphs 6 and 7 of the injunction order. Hempfling should be given a period of time to purge himself of contempt by complying with the provisions of paragraphs 6 and 7 of the injunction order, and filing a Declaration with the Court to that effect. In the event that the defendant still refuses to comply, the Court should incarcerate Hempfling until he agrees to comply with the Order on Government's Permanent Injunction and Sanctions Motions.

## CONCLUSION

For the foregoing reasons, Hempfling should be held in contempt of the Order on Government's Permanent Injunction and Sanctions Motions, and appropriate sanctions should be imposed to compel his compliance with the terms of paragraphs 6 and 7 of that Order.

Respectfully submitted this 7th day of May, 2008.

                                    McGREGOR W. SCOTT
                                    United States Attorney

                                    /s/ Robert D. Metcalfe
                                    ROBERT D. METCALFE
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 7238
                                    Washington, D.C.  20044
                                    Tel.:  (202) 307-6525
                                    Fax:  (202) 514-6770

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2008, I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO HOLD DEFENDANT IN CIVIL CONTEMPT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William McPike
2037 W. Bullard Avenue, #353
Fresno, California  97311
mcpike@pnsw.com

      /s/ Robert D. Metcalfe
ROBERT D. METCALFE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044