```
 1  WILLIAM McPIKE State Bar #95869
    2037 W. Bullard Avenue, #353
 2  Fresno, California 97311
    Telephone  (559) 841-3366
 3  Faxcsimile (559)  841-5343
    Email: mcpike@psnw.com
 4  Attorney for the Defendant Steven Hempfling
```

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN HEMPFLING,<br><br>Defendant. | CASE NO. 1:05-CV-00594 LJO-SMS<br><br>**DEFENDANT HEMPFLING'S RESPONSE TO CONTEMPT MOTION;REQUEST FOR ORDER TO SHOW CAUSE RE: RULE 11 VIOLATIONSAND REQUEST FOR EVIDENTIARY HEARING**<br><br>**Date:** June 11, 2008<br>**Time:** 8:30 a.m.<br>**Request For Telephonic Appearance** |

The government frivolously argues that Hempfling has failed and refused to comply with the Court's order by stating the following:

> The justification asserted for the defendant's refusal to comply with the provision of the permanent injunction order that unambiguously required him to identify his customers and send them a copy of the Court's injunction order - that "no such records were ever kept or maintained by me" - is inherently unbelievable. Hempfling, who has repeatedly asserted throughout this litigation that he and the FES are separate legal entities, is engaging is sheer sophistry when he claims that "he," i.e., Steven Hempfling, did not maintain records of the customers who purchased materials such as the "W4 Alternative Withholding Package" from the FES.

Hempfling made no such justification! Hempfling has, in fact, fully complied with this Court's order. As noted in the declaration of Hempfling being filed concurrently herewith, neither he, **nor FES,** has ever maintained the names, addresses, social security numbers, or any other identifying information as to anyone who may have purchased

1

anything from him or FES.

Hempfling requests an evidentiary hearing to require the United States to identify exactly what proof it has that Hempfling "is engaging is sheer sophistry" and that "FES" or Hempfling has ever kept the identifying information the United Sates contends exists. If no such 'clear and convincing evidence' is offered, then Hempfling also requests Rule 11 Sanctions against the attorney for the United States.  He has sought to hold Hempfling in contempt based on nothing but absolute conjecture and sheer speculation. Despite the fact that opposing counsel admits Hempfling made the disclosure to the extent possible, filed his declaration in compliance with the order, and has offered not one single shred of evidence to the contrary, he nonetheless seeks a contempt order apparently solely on the basis that he just doesn't believe Hempfling's declaration.  Hempfling submits that this not only does not even come close to meeting the standard for any contempt action, but the motion is so patently frivolous that the Court should consider imposing sanctions against opposing counsel under F.R.Civ.P. 11 for wasting everyone's time.

Opposing counsel admits that the party asserting a violation of a court order has the burden of proving any such alleged violation by 'clear and convincing evidence'. (U.S. memorandum, p. 4).  Here, the sole 'evidence' offered to meet this burden is counsel's mere *claim* that Hempfling's lack of records statement is "inherently unbelievable".[1]  (Id, p. 5).  No authority whatsoever is cited for the proposition that a party's mere disbelief about another party's statements can be 'evidence', much less

---

[1] Hempfling does not understand what is so 'inherently unbelievable' about not collecting names, addresses and social security numbers of any purchasers.  If bookstores demanded this sort of information when people bought books, they'd shortly be out of business.  Moreover, not even the government's own purchaser of the items, Barbara Cantrell, contends she supplied any social security number for her purchases.  Further, opposing counsel has provided no reason whatsoever as to why Hempfling would even attempt to collect or maintain any such information.

2

evidence that could support any contempt claim.[2] Nor is any authority cited for the proposition that a contempt claim can be sustained based on mere suspicion, speculation, and conjecture. Instead, as recognized by opposing counsel, the standard for contempt is *clear and convincing evidence*. Although none has been presented here, and no authority has been cited as to how this situation even comes close to satisfying the heavy burden of a contempt proceeding, government counsel still filed this motion.

Hempfling contends that not only must the motion be denied on its face, but it is so groundless and frivolous, the Court should seriously consider imposing Rule 11 sanctions. Although the government and its counsel clearly recognize the evidentiary burden necessary for a contempt proceeding, it has presented absolutely nothing — no evidence whatsoever. Yet this facially groundless motion was still filed. By filing the motion, opposing counsel violated Rule 11(b). Since there are absolutely no evidentiary grounds for the motion, and no argument presented that the legal contentions are warranted by existing law or a non-frivolous extension or modification of it, it must have been filed solely to vex and harass Hempfling, and/or to increase the cost of this litigation. In either case, Rule 11 applies.

This motion is so groundless it has wasted everyone's time, including that of this Court. Hempfling therefore requests that the Court issue an order to show cause to opposing counsel, in accordance with Rule 11(c)(1)(B), as to why he has not violated Rule 11(b). If the Court does not do so, there is no reason not to expect further frivolous motions from the government and its counsel which will waste still more time and resources. These types of frivolous proceedings should end now.

CONCLUSION

For the foregoing reasons, the motion must be denied. In addition, the Court

---

[2] Nonetheless, in an abundance of caution, Hempfling has filed yet another declaration which states that, other than the information about Cantrell (which was supplied by the government itself in the instant case), no such records exist — whether they are Hempfling's records or FES records — they simply were not maintained..

3

should issue an order to show cause to government counsel concerning Rule 11 violations.

Date: May 23, 2008

                                              Respectfully Submitted,

                                              /s/William  McPike_____
                                              William McPike, Attorney for Defendant

I hereby certify that on 05-23-2008 I electronically filed the foregoing **DEFENDANT HEMPFLING'S RESPONSE TO CONTEMPT MOTION; REQUEST FOR ORDER TO SHOW CAUSE RE: RULE 11 VIOLATIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

ROBERT D. METCALFE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044

                                              /s/William  McPike_____
                                              William McPike, Attorney for Defendant