McGREGOR W. SCOTT
United States Attorney

ROBERT D. METCALFE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone:    (202) 307-6525
Facsimile:     (202) 514-6770
E-mail: Robert.D.Metcalfe@usdoj.gov
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 1:05-CV-00594-LJO-SMS |
| | ) | |
| Plaintiff, | ) | **REPLY BRIEF - PLAINTIFF'S** |
| | ) | **MOTION TO HOLD DEFENDANT** |
| v. | ) | **IN CIVIL CONTEMPT** |
| | ) | |
| STEVE HEMPFLING, d/b/a | ) | **Date:**  June 11, 2008 |
| FREE ENTERPRISE SOCIETY, | ) | **Time:**  8:30 a.m. |
| | ) | |
| Defendant. | ) | **Request to Appear by Telephone** |

The United States has moved the Court to hold the defendant, Steven Hempfling, in civil contempt for violating the Order on Government's Permanent Injunction and Sanctions Motions (Doc. #147).  The Government's motion asserts that Hempfling has violated the Order on Government's Permanent Injunction and Sanctions Motion by refusing to (1) "[deliver] . . . a copy of [the] permanent injunction order to everyone who purchased the 'W4 Alternative Withholding Package,' 'IRS Lien and Levy Package,' 'Reliance 2000 Program,' and/or '16th Amendment Reliance Package'"; and (2) "[s]erve the Government [with] a complete list of everyone who purchased from defendant [the aforesaid items] and . . . provide the Government [with] the purchasers' names, mailing addresses, e-mail addresses and Social Security numbers."

**Reply Brief - Plaintiff's Motion to
Hold Defendant in Civil Contempt**

3328186.11

*Id.* Hempfling has responded to the Government's contempt motion by arguing that neither he nor the Free Enterprise Society "has ever maintained the names, addresses, social security numbers, or any other identifying information as to anyone who may have purchased anything from him or FES" (Doc. 162 at 1-2). As we demonstrate, *infra,* this is untrue because Hempfling, as the director of the Free Enterprise Society ("FES"), has custody and control over the FES financial records that will disclose the names of customers other than Barbara Cantrell who purchased the W4 Alternative Withholding Package, IRS Lien and Levy Package, Reliance 2000 Program, and/or 16th Amendment Reliance Package.

This Court entered a permanent injunction on March 13, 2008, only after Hempfling refused to obey the Magistrate Judge's order compelling his compliance with the Government's discovery requests that sought the identities of the customers who purchased the above-described FES tax products. Monetary sanctions for refusing to comply with his discovery obligations have proved inadequate. Hempfling's contumacious refusal to disclose the names of his customers continues to the present date.

**I.   THE RECORD IN THIS CIVIL ACTION SHOWS THAT HEMPFLING'S STATEMENTS ARE FALSE**

The permanent injunction in this case required Hempfling to:

> Deliver (by United States mail, and, if an e-mail address is known, by electronic mail) at his expense a copy of this permanent injunction order to everyone who purchased the "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package";

**Reply Brief - Plaintiff's Motion to Hold Defendant in Civil Contempt**               2                                    3328186.11

> Serve the Government a complete list of everyone who purchased from defendant Steven Hempfling a "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package" and to provide the Government the purchasers' names, mailing addresses, e-mail addresses and Social Security numbers.

Hempfling has violated the permanent injunction by failing or refusing to identify those purchasers of the "16th Amendment Reliance Package" who are known to him, and by failing to send the purchasers of his "16th Amendment Reliance Package" copies of the permanent injunction entered against him. Hempfling asserts that the sole purchaser of his products that is known to him is Department of Justice paralegal Barbara Cantrell (whom he sent a copy of the Order on Government's Permanent Injunction and Sanctions Motions). The record discloses that Hempfling knows or has reason to know of at least seven additional purchasers of his products.

Attached to the Declaration of Judithe K. Howell (Doc. 133) as Exhibit K is a copy of the 16th Amendment Reliance Package. The first and second pages of Exhibit K identify the 16th Amendment Reliance Package as having been developed and published by the Free Enterprise. The name of the purchaser of this item - Ronald K. Doyle, Sr. - and his address (1120 Scotland Avenue, Chambersburg, Pennsylvania) appears throughout the exhibits attached to the Declaration of Judithe K. Howell. Hempfling, by his own declaration, admits that he did not send a copy of the permanent injunction entered in this action to Ronald K. Doyle.

Hempfling also overlooks the fact that he has asked this Court to take judicial notice of the filings in a related case which is titled United States v. William J. Benson, Civil No. 1:04-CV-07403 (N.D. Ill.). *See* Defendant's Request for Judicial Notice (Doc. 50) in this action. On page 54 of the attachment to the request for judicial notice (Doc. 50), six individuals are identified as purchasers of William Benson's Reliance Defense Package or Hempfling's 16th

Amendment Reliance Defense Package.[1] Hempfling, who has asked this Court to take judicial notice of the filings in United States v. William J. Benson, is chargeable with the knowledge of the identities of the purchasers of his products that are disclosed in the record. Plainly, Hempfling has failed to take "all reasonable steps within [his] power" to comply with the requirement of the permanent injunction that he disclose the names of all purchasers of the enumerated products and serve them with a copy of the injunction order. *Sekaquaptewa v. MacDonald,* 544 F.2d 396, 406 (9th Cir. 1976), *cert. den.,* 430 U.S. 931 (1977).

Furthermore, the Court is not required to accept as true Hempfling's statement that neither he or the FES ever maintained customer lists. Indeed, the reliable evidence of record suggests that this is simply not true. The newsletters published by the Free Enterprise Society ("FES") solicited individuals to become members of the FES for a $55 annual fee. These newsletters also offered membership, for a fee, in the FES "Support Services" (paralegal assistance in "presenting your case") and the "Super Legal Defense Fund." *See* Second Declaration of Barbara Cantrell (Doc. 131, Exhibit 11 (part 5) (attachment 10). In each case, applicants were requested to disclose their names, addresses and other pertinent data in order to apply for membership in the FES or its "Support Services" or "Super Legal Defense Fund." It would be inconsistent for the FES to maintain records of the individuals who paid to become members in FES and not those individuals who purchased its products because its customers would likely be the best source of potential members. It would be even more illogical to believe that none of the members of FES ever purchased any of its products, including the "W4

---

[1] The addresses of these individuals also appear on page 54 of Doc. 50 in this civil action.

**Reply Brief - Plaintiff's Motion to Hold Defendant in Civil Contempt**     4

Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package."

## II. THE COURT SHOULD ORDER HEMPFLING TO APPEAR FOR A DEPOSITION AND PRODUCE RECORDS RELATING TO THE FINANCIAL ACCOUNTS OF THE FREE ENTERPRISE SOCIETY

Even if the Court were to accept Hempfling's representations that "over 95% of those documents were purchased at seminars or conventions by unknown individuals" and that "neither [Hempfling], nor FES kept any records of any [mail purchases] to the extent said purchases occurred" (Doc. 163 at 1) - a highly dubious proposition given Hempfling's past refusals to comply with the discovery requests propounded to him - there remains a number of individuals who purchased the enumerated products from defendant and the FES by using checks or money orders. Based upon his Declaration and his brief in opposition to the Government's motion for contempt sanctions, it is evident that Hempfling has not undertaken any effort to ascertain the identity of even one purchaser of his products beyond that of Barbara Cantrell, who purchased (on behalf of the Department of Justice) copies of the above-enumerated tax products for use as evidence of defendant's violation of IRC § 6700 in this case.

Because Hempfling has completely failed to respond to the Government's discovery requests, it is impossible for the Government to ascertain the accuracy of the self-serving statements in his Declaration. The United States respectfully requests that the Court order Hempfling, doing business as the Free Enterprise Society, to appear at a post-judgment deposition within 30 days of the hearing date (June 11, 2008) and to produce at the deposition the following documents: (1) copies of all statements for any account of the Free Enterprise Society at any bank or financial institution for the period between January 1, 2002 and the

**Reply Brief - Plaintiff's Motion to Hold Defendant in Civil Contempt**        5        3328186.11

present; (2) in the event that the Free Enterprise Society does not have a bank account, copies of all statements for any bank account over which the defendant, Steven Hempfling, has signature authority for the period between January 1, 2002 and the present; (3) records of all cash receipts for FES products sold for the period between January 1, 2002 and the present; and (4) all other financial records made by or on behalf of the Free Enterprise Society (including, but not limited to, account ledgers, accounts receivable, and accounts payable records) for the period between January 1, 2002 and the present. The Government should then be permitted to serve subpoenas *duces tecum* on any banks or other financial institutions in order to obtain copies of all items deposited to the accounts of the FES or Hempfling at those banks or financial institutions.

## **CONCLUSION**

Hempfling is in contempt of the Order on Government's Permanent Injunction and Sanctions Motions because he has not made a reasonable effort to comply with the Court's Order. Appropriate sanctions should be imposed to compel his compliance with the terms of paragraphs 6 and 7 of that Order.

In the event that the Court declines to impose contempt sanctions at this time, the United States requests that the Court order Hempfling to appear at a deposition and bring with him the documents and records described above.

Respectfully submitted this  4th  day of June, 2008.

                                        McGREGOR W. SCOTT
                                        United States Attorney

                                        /s/ Robert D. Metcalfe
                                        ROBERT D. METCALFE
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 7238
                                        Washington, D.C.  20044
                                        Tel.:  (202) 307-6525
                                        Fax:  (202) 514-6770


# **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2008, I electronically filed the foregoing **REPLY BRIEF - PLAINTIFF'S MOTION TO HOLD DEFENDANT IN CIVIL CONTEMPT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William McPike
2037 W. Bullard Avenue, #353
Fresno, California  97311
mcpike@pnsw.com

                                         /s/ Robert D. Metcalfe
                                         ROBERT D. METCALFE
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         Post Office Box 7238
                                         Washington, D.C.  20044