IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV F 05-0594 LJO SMS |
| Plaintiff, | **ORDER ON GOVERNMENT'S MOTION FOR CIVIL CONTEMPT** |
| vs. | (Doc. 156.) |
| STEVE HEMPFLING, dba FREE ENTERPRISE SOCIETY, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff United States of America ("Government") seeks to impose a civil contempt sanction of incarceration on defendant Steve Hempfling ("Mr. Hempfling"), dba Free Enterprise Society ("FES"), for Mr. Hempfling's disobedience of this Court's order to provide the Government a complete list of purchasers of Mr. Hempfling/FES' tax fraud schemes. Alternatively, the Government seeks Mr. Hempfling's deposition and his and FES' financial records to locate purchasers. Mr. Hempfling avers that he has complied with the order and has provided all information which he and FES possess concerning purchasers. This Court considered the Government's contempt motion on the record and VACATES the June 11, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DENIES the Government's contempt motion but ORDERS Mr. Hempfling to appear at a deposition, to produce financial records, to search for and attempt to locate purchaser information,

1

and to file and serve his declaration to detail his efforts and to identify financial accounts and newly located purchasers.

### Mr. Hempfling And FES

Mr. Hempfling is identified as FES Director and an original founder in FES' promotional literature and on its website. FES is located in Fresno. According to its Information Package & Freedom Catalog #10 ("Catalog #10"), FES was founded by Mr. Hempfling and two other men and that its purpose "is to restore the government to its constitutionally restricted activities and rid society of income tax." FES has sponsored rallies at which Mr. Hempfling has been a speaker. Through its Catalog #10 and website, FES sells products, including the "Reliance 2000 Program," "W4 Alternative Withholding Package," and "IRS Lien and Levy Package."

### Injunction

The Government sought relief under 26 U.S.C. §§ 7402(a) and 7408 to enjoin Mr. Hempfling permanently to organize, promote and sell fraudulent tax schemes which advocate that the Sixteenth Amendment was never ratified, that IRS liens and levies are unenforceable, and that no law requires filing of a W4 form. This Court's March 13, 2008 permanent injunction order ("injunction order") required Mr. Hempfling, no later than March 31, 2008, to:

> 6. Deliver (by United States mail, and, if an e-mail address is known, by electronic mail) at his expense a copy of this permanent injunction order to everyone who purchased the "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package";
>
> 7. Serve the Government a complete list of everyone who purchased from defendant Steven Hempfling a "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package" and to provide the Government the purchasers' names, mailing addresses, e-mail addresses and Social Security numbers . . .

At the Government's request, this Court issued its March 21, 2008 amendment to the injunction order to clarify the prohibitory and mandatory obligations of the injunction order and to note:

> **This Court ADMONISHES Mr. Hempfling that he is subject to sanctions and/or penalties if Mr. Hempfling disobeys and/or fails to comply with the March 13** [injunction] **order. This Court ADMONISHES Mr. Hempfling's counsel that counsel is subject to sanctions and/or penalties if counsel assists Mr. Hempfling to disobey and/or fail to comply with the March 13 order.** (Bold in original.)

///

**Mr. Hempfling's Response To Injunction Order**

Mr. Hempfling's March 27, 2008 letter to the Government's counsel identified Barbara Cantrell ("Ms. Cantrell"), a Department of Justice paralegal, as the only person whom Mr. Hempfling has "a record" of purchasing the W4 Alternative Withholding Package, IRS Lien and Levy Package, Reliance 2000 Program or 16th Amendment Reliance Package. Mr. Hempfling's March 27, 2008 letter stated:

> As you know, I have been identified by the government as an illegal tax protestor. This status as described by the government put me in a precarious situation. Realizing this position I am compelled to rely upon my 5th amendment protections. Without waiving said protections I will advise you to the extent anyone purchased the W4 package, Lien/Levy Package, 16th Amendment Reliance package, or Reliance 2000 Program Package, no such records were ever kept or maintained by me. Thus, I can rely upon the government's knowledge as to those who may have purchased such documents. To this end, I cannot verify the truth or veracity of the government's representations.
>
> Mr. Metcalfe [Government's counsel], you must realize that given my status as an illegal tax protestor, as designated by the government, that it would be preposterous for me to keep books and records to the extent that I would even keep books and records.

In response to the injunction order, Mr. Hempfling filed his April 11, 2008 declaration, which states in pertinent part:

> 1. I delivered a copy of the Court's order to every person of which I have record of purchasing the "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package" by first class mail and/or email per subparagraph 6 of the Court's Order.
>
> 2. I mailed the list of recipients via first class mail to the government listing the people of which I have a record of purchasing the "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package" per subparagraph 7 of the Court's Order.

**Government's Contempt Motion**

Dissatisfied with Mr. Hempfling's response to the injunction order, the Government seeks to hold Mr. Hempfling in civil contempt. The Government contends that Mr. Hempfling has disobeyed the injunction order in that he has identified only Ms. Cantrell as a purchaser of the W4 Alternative Withholding Package, IRS Lien and Levy Package, Reliance 2000 Program or 16th Amendment Reliance Package and has failed to deliver a copy of the injunction order to purchasers of the W4 Alternative Withholding Package, IRS Lien and Levy Package, Reliance 2000 Program or 16th Amendment Reliance Package.

In response to the Government's contempt motion, Mr. Hempfling filed his May 23, 2008

declaration to state:

> My letter of March 27, 2008 . . . contained all information I, or FES, has concerning any purchasers of the items that are the subject of the Court's injunction order. No other records exist or were ever maintained by myself or Free Enterprise Society. Moreover, over 95% of those documents were purchased at seminars or conventions by unknown individuals. As to the members that purchased such documents through the mail, Hempfling reiterates, that neither he, nor FES kept any records of any such purchasers to the extent said purchases occurred.
>
> . . .
>
> Hempfling assures this court that all persons, of whom Hempfling is aware, who purchased the items that are the subject of the Court's injunction order were notified of the injunction and provided to the government, to the extent any list ever existed, which Hempfling again informs the government that no such list exists as one is not maintained.

In its reply papers, the Government appears to concede the absence of support to impose a civil contempt sanction of incarceration on Mr. Hempfling. The Government requests to depose Mr. Hempfling within 30 days and production of statements of all FES accounts at any bank or financial institution for the period January 1, 2002 to present. If FES has no such account, the Government seeks:

1. All statements of bank accounts over which Mr. Hempfling has signature authority for the period January 1, 2002 to present;

2. Records of all cash receipts for FES products sold for the period January 1, 2002 to present; and

3. All other financial records made by or on behalf of FES, including account ledgers and accounts receivable and accounts payable records, for the period January 1, 2002 to present.

After receipt of the records, the Government proposes to serve subpoenas on the financial institutions to learn of deposits into accounts of FES or Mr. Hempfling.

## DISCUSSION

### Contempt Standards

Failure to obey the terms of a preliminary injunction constitutes a contempt of court. *Int'l Union v. Bagwell*, 512 U.S. 821, 828, 114 S.Ct. 2552 (1994). Federal courts have inherent and statutory authority to punish such contempt and to coerce compliance with their orders. *Int'l Union*, 512 U.S. at 831-32, 114 S.Ct. 2552; 18 U.S.C. §§ 401-402. "A court of the United States shall have power to

punish by fine or imprisonment, or both, at its discretion, such contempt of its authority. . . as . . . [d]isobedience or resistence to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

Civil contempt sanctions "may be imposed to compel compliance with a court order or to compensate a party harmed by non-compliance." *United States v. Perry*, 16 F.3d 952, 956 (1st Cir. 1997). Civil contempt sanctions are "coercive, designed to exact compliance with a prior court order." *Perry*, 16 F.3d at 956. Civil contempt sanctions are also considered to be avoidable through obedience to the Court's order. *Int'l Union*, 512 US 821, 827. Thus, the court must allow the contemnor to "purge" the sanction imposed by complying with the injunction. *Int'l Union*, 512 U.S. 821, 828. But, district courts have discretion to order the enjoined party to pay the costs of past noncompliance, including fees and costs associated with enforcement. *John T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 554 (3rd Cir. 2003).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). Generally, the minimum sanction necessary to obtain compliance is to be imposed. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Willfulness is not required to be shown. *Waste Conversion, Inc. v. Rollins Environment Services (NJ), Inc.*, 893 F.2d 605, 612 (3rd Cir. 1990). The disobedient party's good faith or intent to attempt to comply does not bar a contempt finding. *See Stone v. City and County of San Francisco*, 968 F.2d 850, 856-857 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081, 113 S.Ct. 1050 (1993). "There is general support for the proposition that a [party] may not be held in contempt as long as it took reasonable steps to comply." *Harris v. City of Phila.*, 47 F.3d 1311, 1324 (3rd Cir. 1995). "Substantial compliance" is a defense to civil contempt, such that a "few technical violations" do not qualify as contemptuous conduct if every reasonable effort has been made to comply. *Go-Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir. 1993).

The Government argues that the injunction order "is clear, unambiguous and perfectly amenable to being enforced through a contempt proceeding" and that Mr. Hempfling "willfully violated" the

injunction order. The Government finds "inherently unbelievable" that Mr. Hempfling did not keep or maintain records of sales and customers. The Government notes that Mr. Hempfling cannot hide behind FES in that Mr. Hempfling does business as FES, shares FES' address and "is" FES. The Government notes that as FES director, Mr. Hempfling "has custody and control over FES financial records." The Government concludes that contempt is proper in that "the Government must investigate whether any of Hempfling's customers used his products to evade the payment of federal taxes" and that his customers may continue to evade tax responsibilities if not notified of the "falsity" of Mr. Hempfling's statements.

Mr. Hempfling responds that he has "fully complied" with the injunction order in that "neither he, **nor FES**, has ever maintained the names, addresses, social security numbers, or any other identifying information as to anyone who may have purchased anything from him or FES." (Bold in original.) Mr. Hempfling notes the absence of clear and convincing evidence that he "kept the identifying information the United States contends exits." Mr. Hempfling argues that the Government's unsupported challenges to his credibility fail to substantiate a contempt order. Mr. Hempfling requests this Court to issue a F.R.Civ.P. 11(c)(3) order to the Government's counsel to show cause why the Government's contempt motion is not presented for an improper purpose, including to harass, cause unnecessary delay, or needless increase in litigation costs.

To refute Mr. Hempfling, the Government notes that FES newsletters solicited FES memberships for a $55 annual fee and that applicants were requested to provide their names, addresses and "other pertinent data." The Government notes an inconsistency to maintain information of FES members but not customers who "would likely be the best source of potential members." The Government challenges Mr. Hempfling's efforts to locate purchasers.

The injunction order required Mr. Hempfling to deliver a copy of the injunction order to all purchasers of the "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package" and to serve the Government a "complete list" of purchasers, including their names, addresses and Social Security numbers. Mr. Hempfling's March 27, 2008 letter states that purchaser records were not maintained. Mr. Hempfling's May 23, 2008 declaration avers that the March 27, 2008 letter contains all information concerning purchasers and that

all known purchasers were notified of the injunction order. Mr. Hempfling relies on his claim that he does not possess purchaser information in that more than 95 percent of the materials subject to the injunction order "were purchased at seminars or conventions by unknown individuals" and that he did not keep records of purchasers by mail.

To impose civil contempt, the Government has a heavy burden to show by clear and convincing evidence that Mr. Hempfling has failed to identify known purchasers and to deliver the injunction order to them. Although Mr. Hempfling's failure to maintain purchaser records seems "inherently unbelievable," the Government offers little concrete support to challenge to his credibility. Mr. Hempfling has averred that he possesses no information of purchasers other than Ms. Cantrell. The Government offers no direct evidence that Mr. Hempfling possesses information of other purchasers. Although the notion that Mr. Hempfling lacks purchaser information is troubling, this Court is not convinced that a contempt order of incarceration will produce further purchasers, especially given that Mr. Hempfling has declared under penalty of perjury that he has identified his sole known purchaser.

Nonetheless, Mr. Hempfling's papers fail to describe any search for or efforts to locate purchaser information. Mr. Hempfling merely rests on a claim that no records exist or were not maintained. If Mr. Hempfling has information which may lead to purchasers' identity, the Government is entitled to Mr. Hempfling's affirmation that he has conducted a good faith search and attempt to locate purchaser information.

Moreover, throughout this action, Mr. Hempfling has engaged in "cat and mouse" and "catch me if you can" tactics. He failed to respond to and participate in discovery to warrant terminating sanctions against him. The Government offers a reasoned approach to depose Mr. Hempfling and to secure FES and/or Mr. Hempfling's financial records to ferret out purchaser information. Given Mr. Hempfling's broadsweeping statements that he lacks purchaser information, the Government is entitled to test such statements and to information to locate purchaser information. Mr. Hempfling does not challenge the Government's entitlement to purchaser information.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES the Government's motion to impose a civil contempt sanction of incarceration

on Mr. Hempfling; and

2. ORDERS Mr. Hempfling, no later than June 18, 2008, to:

    A. Conduct a good faith, exhaustive search for and attempt to locate the identity, mailing address, e-mail address and Social Security number of each purchaser of the "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package"; and

    B. File and serve his declaration to:

        (1) Explain in detail his good faith, exhaustive search for and attempt to locate the identity, mailing address, e-mail address and Social Security number of each purchaser of the "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package";

        (2) State the name, mailing address, e-mail address and Social Security number of each newly identified and located purchaser of the "W4 Alternative Withholding Package," "IRS Lien and Levy Package," "Reliance 2000 Program," and/or "16th Amendment Reliance Package." If Mr. Hempfling, after a good faith, exhaustive search is unable to provide the above information for a purchaser, Mr. Hempfling in his declaration shall state all information available and ascertainable to identify a purchaser(s); and

        (3) Identify the bank(s) and financial institution(s) and its address(es) where FES had account(s) for the period January 1, 2002 to present and identifying numbers for such accounts. If FES had no such accounts for the period January 1, 2002 to present, Mr. Hempfling in his declaration shall identify the bank(s) and financial institution(s) and its address(es) where Mr. Hemfling had signature authority account(s) for the period January 1, 2002 to present and identifying numbers for such accounts;

3. FURTHER ORDERS Mr. Hempfling, no later than July 5, 2008, unless the Government

agrees to a later date, to:

A. Appear and testify at a deposition; and

B. Produce at his deposition all statements of all FES accounts at all banks and/or financial institutions for the period January 1, 2002 to present. If FES has or had no such account, this Court ORDERS Mr. Hempfling to produce at his deposition:

  (1) All statements of bank and/or financial institution accounts over which Mr. Hempfling has or had signature authority for the period January 1, 2002 to present;

  (2) Records of all cash receipts for FES products sold for the period January 1, 2002 to present; and

  (3) All other financial records made by or on behalf of FES, including account ledgers and accounts receivable and accounts payable records, for the period January 1, 2002 to present; and

4. AUTHORIZES the Government to subpoena FES and/or Mr. Hempfling's banking and financial records.

**This Court ADMONISHES Mr. Hempfling that he is subject to sanctions, penalties and/or contempt if Mr. Hempfling disobeys and/or fails to comply fully with this order. This Court ADMONISHES Mr. Hempfling's counsel that counsel is subject to sanctions, penalties and/or contempt if counsel assists Mr. Hempfling to disobey and/or to fail to comply fully with this order or advises Mr. Hempfling to or how to fail to comply fully with this order.**

IT IS SO ORDERED.

**Dated:    June 5, 2008**                           /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE